## FEDERAL TRADE COMMISSION v. ART-LOOM CORPORATION.
### No. 5072.

Circuit Court of Appeals, Third Circuit.
Jan. 30, 1934.

Rehearing Denied March 5, 1934.

P. B. Morehouse, Robert E. Healy, Chief Counsel, Federal Trade Commission, and Martin A. Morrison, Asst. Chief Counsel, all of Washington, D. C., for petitioner.

Frank B. Fox, Fraley & Paul, and Henry N. Paul, all of Philadelphia, Pa., for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This case comes before us upon an application for the enforcement of an order of the Federal Trade Commission. The Commission filed a complaint in which it charged that the respondent, the Artloom Corporation, manufactured and sold in interstate commerce certain rugs, and misbranded them as Wilton rugs under the trade-name "Bagdad Seamless Jacquard Wilton." The Commission found that the respondent had been selling its Bagdad rugs as and for genuine Wiltons; that the term "Wilton rug," as applied to a rug fabric on the surface of which is displayed a design of two or more colors, implied a fabric having a weave construction in which the warp pile yarns, when not required upon the surface for the design or pattern, are continued in the subsurface structure of the fabric; that the respondent's Bagdad rugs were made under a process essentially unlike that used in making Wilton rugs; that, when made, the Bagdad rugs consist of a weave construction differing materially from that of Wilton rugs; that the sale of the respondent's Bagdad rugs, as and for genuine Wiltons, constituted an unfair method of competition in commerce, having a capacity and tendency to deceive the public into the belief that, in purchasing the respondent's Bagdad rugs, they were purchasing genuine Wilton rugs; and that trade was thereby diverted from competitors to the respondent. The application for the enforcement order set forth that the Commission had made a cease and desist order which the respondent failed and neglected to obey. This order reads:

"It is now ordered that the respondent Artloom Corporation, a corporation doing business under the name and style of Artloom Rug Mills, its agents, representatives, servants, and employees, in connection with the sale and distribution in interstate commerce of rug and carpet fabrics, do cease and desist from directly or indirectly,

"1. Using the word 'Wilton' in describing, designating, or labeling any rug fabric on the surface of which is displayed a design or pattern in two or more colors, which is of the same weave construction as the 'Bagdad Seamless Jacquard Wilton' rug fabric now manufactured by respondent, or which is of a weave construction in which the warp pile yarns, when not required at the surface for the said design or pattern, are not continued in the subsurface structure of the fabric."

The statute, by virtue of which this application was made by the Commission, reads as follows:

"Unfair methods of competition in commerce are declared unlawful.

"The commission is empowered and directed to prevent persons, partnerships, or corporations, except banks, and common carriers subject to the Acts to regulate commerce, from using unfair methods of competition in commerce. * * *

"If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to facts, if supported by testimony, shall be conclusive." 15 USCA § 45.

As the statute directly provides that the fact findings of the Commission, if supported by testimony, shall be conclusive, this court is limited to the determination of two questions: First, whether such findings are supported by any evidence; and, second, if they are so supported, whether these facts, as found, justify the conclusion that the sale of the respondent's Bagdad rugs as Wilton rugs constituted unfair competition in commerce. Federal Trade Commission v. Curtis Publishing Co., 260 U. S. 568, 43 S. Ct. 210, 67 L. Ed. 408; James S. Kirk & Co. v. Federal Trade Commission (C. C. A.) 59 F.(2d) 179, certiorari denied 287 U. S. 663, 53 S. Ct. 220, 77 L. Ed. 572.

No rug manufacturer to-day makes and sells Wilton rugs which are similar in all respects to those originally named Wiltons more than one hundred years ago. The definition of a genuine Wilton rug approved by the Commission was formulated in 1925 by a voluntary association of rug manufacturers and dealers. Had the Commission relied solely on this definition, we could not but ac-

knowledge the justice of the contention that the respondent is not bound thereby. The Commission, however, did not rely solely on the definition so formulated, but heard considerable testimony on the question as to what characteristics were essential to a genuine Wilton rug. The voluminous record contains testimony of many witnesses called on behalf of the Commission, corroborated by technical works on the art of rug weaving, to the effect that no rug is a genuine Wilton which fails to have the dyed warp yarn, when not used in the actual making of the pattern, dormant in the body of the rug. While, on the other hand, there was testimony defining and describing the method of manufacture and the characteristics of a genuine Wilton rug which would have justified the labeling of the respondent's Bagdad rugs as Wilton rugs if the Commission had based its findings upon the testimony of the respondent's witnesses, nevertheless the Commission had before it ample evidence upon which to find that the respondent's Bagdad rugs did not contain the essentials of genuine Wilton rugs.

Under the ruling of the Supreme Court in Federal Trade Commission v. Algoma Lumber Co., 54 S. Ct. 315, 318, 78 L. Ed. ——, opinion filed January 8, 1934, the fact findings of the Commission are not to be regarded as merely persuasive. Justice Cardozo there said: " 'The findings of the Commission as to facts, if supported by testimony, shall be conclusive.' 15 U. S. C. § 45 (15 USCA § 45). The Court of Appeals, though professing adherence to this mandate, honored it, we think, with lip service only. In form the court determined that the finding of unfair competition had no support whatever. In fact what the court did was to make its own appraisal of the testimony, picking and choosing for itself among uncertain and conflicting inferences. Statute and decision (Federal Trade Commission v. Pacific States Paper Trade Association, 273 U. S. 52, 61, 63, 47 S. Ct. 255, 71 L. Ed. 534) forbid that exercise of power."

Since the statute and decisions expressly confer upon the Commission and not upon the court the duty of determining the facts, it is of no consequence that, if the Congress had conferred fact-finding power upon the court, it might have reached a conclusion other than that of the Commission.

The premise of misbranding being supported by the Commission's findings, the conclusion follows that, when the respondent sold its misbranded rugs in commerce, it thereby harmed its competitors and deluded the ultimate consumers. Federal Trade Commission v. Royal Milling Co., 288 U. S. 212, 53 S. Ct. 335, 77 L. Ed. 706.

The order of the Federal Trade Commission is affirmed. An enforcement order may be entered in accordance with the prayer of the petition.