### E. GRIFFITHS HUGHES, Inc., v. FEDERAL TRADE COMMISSION.
### No. 5.

Circuit Court of Appeals, Second Circuit.
June 3, 1935.

Albert Edward Maves, of New York City, for petitioner.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Harry D. Michael, Trial Atty., and James W. Nichol, Sp. Atty., all of Washington, D. C., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The order here sought to be reviewed directs the petitioner, in the distribution in interstate commerce of "Kruschen Salts" and "Radox Bath Salts," to cease and desist from representing, directly or indirectly: (1) That "Kruschen Salts" constitutes a cure or remedy for obesity or that it will of itself reduce excessive fat; (2) that "Radox Bath Salts" has therapeutic value when used in a bath; that it releases great quantities of oxygen when so used, and that its use at home combines the properties of world famous spas or produces the effect of treatment at such places; that it stimulates or energizes the body; or that it is imported from England.

As to the Kruschen Salts and its qualities as a cure or remedy for obesity or that it will reduce excess fats, there was a conflict of evidence before the Commission. The evidence sufficiently supports the finding that it would not reduce fat or act as a remedy for obesity. While there was testimony of physicians in general practice, who testified to good results in reducing fat, the Commission did not accept such testimony but, on the contrary, accepted that offered on behalf of the Commission. This finding, having evidence to support it, is binding upon the courts. Federal Trade Comm. v. Algoma Lumber Co., 291 U. S. 67, 73, 54 S. Ct. 315, 78 L. Ed. 655; Fed-eral Trade Comm. v. Balme, 23 F.(2d) 615, 619 (C. C. A. 2); Harriet Hubbard Ayer, Inc., v. Fed. Trade Comm., 15 F.(2d) 274 (C. C. A. 2).

There was testimony of competition, in interstate commerce, of the Kruschen Salts with products of other manufacturers having a saline laxative. The evidence sufficiently supported the finding of the Commission. The list of products so in competition was sufficiently large in number to justify the order entered. Petitioner used the same advertising as to reduction of excess fat while in competition with products sold by competitors.

The public had an interest because of false advertising and misstatements as to the qualities and the results of the use of these salts. Such practice may be restrained. Federal Trade Comm. v. Winsted Hosiery Co., 258 U. S. 483, 493, 42 S. Ct. 384, 66 L. Ed. 729; Federal Trade Comm. v. Raladam Co., 283 U. S. 643, 51 S. Ct. 587, 75 L. Ed. 1324, 79 A. L. R. 1191. Such unfair methods of competition justify the order entered when the public has an interest in its prevention.

The order against the Radox Bath Salts is supported by evidence showing misrepresentations contained in magazine advertisements. There was testimony that no medical effect is to be derived from the use of this preparation in a bath. It is shown that when put in water a small amount of oxygen is released, but there was no warrant for the exaggerated statement that "it radiates great quantities of oxygen," or the implication that it has therapeutic effect and that the use of Radox at home would produce results equal to treatment at spas. The latter statement was found to be erroneous, since treatment at spas contemplated dieting, purgation, exercise, and a regulatory routine of existence in addition to the baths. The implication that Radox is imported from England was likewise found to be erroneous. It is prepared and packaged in this country. All bath salts were found to be in competition. This evidence is sufficient to support the findings.

Complaint is made of the refusal of the trial examiner to admit certain medical evidence offered. The Commission found that the tests made were "not scientifically conducted or controlled," and that the evidence in regard thereto was entitled to but little weight. This evidence was offered at a hearing for the receipt of surrebuttal evi-

dence held October 27, 1932. The tests were made in June, 1932, after the completion of the Commission's original case, which was closed April 15, 1932, and after three separate hearings had been held for the receipt of petitioner's evidence. The petitioner had ample time to plan its defense and offer evidence, and to make these tests prior to the first date when the petitioner started to introduce its testimony. The examiner's discretionary ruling, as made, offers no justification for reversal.

Petitioner's methods have been found to be unfair in that its representations in regard to its products are misstatements of fact and are misleading. The products are sold in interstate commerce and in competition with the products of other manufacturers. Selling by the use of false and misleading statements necessarily injures or tends to injure petitioner's competitors. Federal Trade Comm. v. Winsted Hosiery Co., supra; Federal Trade Comm. v. Artloom Corp. (C. C. A.) 69 F.(2d) 36. Such injury to competitors, or tendency to injure, fully establishes the public interest. Therefore, there was jurisdiction under section 5 of the Federal Trade Commission Act, as amended by Act Feb. 13, 1925, 15 USCA § 45.

Order affirmed.