## NATIONAL LABOR RELATIONS BOARD v. DELAWARE–NEW JERSEY FERRY CO.

### No. 6132.

Circuit Court of Appeals, Third Circuit.

June 18, 1937.

BIGGS, Circuit Judge, dissenting.

Robert B. Watts, Charles Fahy, and Jerome I. Macht, all of Washington, D. C., and Samuel G. Zack, for petitioner.

Lewis Wolff & Gourlay, of Philadelphia, Pa. (Otto Wolff, Jr., of Philadelphia, Pa., of counsel), for respondent.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This is a petition to this court under the provisions of the National Labor Relations Act (29 U.S.C.A. § 151 et seq.) to enforce by its processes the findings of the Board.

The case would present no difficulties were it not for the unusual fact situation presented.

The primary purpose of the act of Congress is to obviate appeals to brute force which are too often the accompaniment of labor disputes.

The proceeding began with a complaint of unfair practices charged to the respondent. The Board has made its findings sustaining the complaint. Ordinarily nothing would remain to be done except to enforce these findings. The questions sought to be raised have become, however, practically moot. There is now no controversy; no complaint; no grievance. All which is left is the abstract question of the right of a labor union official to negotiate with the respondent employer on behalf of the engineer employees concerned, for a contract of employment. The engineers have disposed of any controversy there may have been by themselves unanimously making a contract on terms acceptable to them with the employer. This contract is for a year ahead. There is in consequence nothing to negotiate. The number of engineer employees is twelve. The sole objective of any negotiation would be to agree upon terms of employment. This agreement has already been made, and, as we have said, is entirely acceptable to the employees concerned, each of whom has made the contract agreed upon. In view of this we see no need for the intervention of this or any other court. To make the order asked of us might defeat the very purpose of the act of Congress by creating an occasion for strife which otherwise would not exist.

Petition dismissed.

BIGGS, Circuit Judge (dissenting).

The National Labor Relations Board has petitioned this court to enforce an or-

der issued by the Board upon December 30, 1935, and reaffirmed by it upon November 20, 1936, pursuant to the provisions of section 10 of the National Labor Relations Act (29 U.S.C.A. § 160). This order provides that the respondent, Delaware-New Jersey Ferry Co., "shall cease and desist from refusing to bargain collectively with Marine Engineers' Beneficial Association, No. 13, as the exclusive representative of the licensed engineers employed in such capacity by respondent * * * in respect to rates of pay, wages, hours of employment and other conditions of employment."

The respondent, Delaware-New Jersey Ferry Company, is a Delaware corporation and is engaged in the business of ferrying passengers and freight across the Delaware river for hire between Marine Terminal, at Wilmington, Del., and Pennsgrove, N. J., and between New Castle, Del., and Pennsville, N. J.

In operating its ferries the respondent employs the licensed engineers, twelve in number, referred to in the first paragraph of this opinion. These twelve engineers and the respondent fell into difficulties regarding wages and hours of labor, and the engineers designated and authorized Marine Engineers' Beneficial Association, No. 13 (hereafter referred to as the Association), to bargain collectively with the respondent on their behalf. The respondent refused to bargain with this designated representative, and, after hearing, the Board proceeded to declare that the respondent by this refusal had engaged and was engaging in unfair labor practice affecting commerce within the meaning of section 8, subd. 5, and section 2, subds. 6 and 7, of the National Labor Relations Act, 29 U.S.C.A. §§ 152(6, 7), 158(5), and entered the order above referred to. The respondent refused to obey the order of the Board and filed its petition with this court praying that this court enforce the Board's order.

That petition was filed on April 25, 1936, but upon October 29, 1936, the respondent filed a petition of its own alleging that after the decision of the Board the licensed engineers had designated a committee consisting of three of their own number as their exclusive representatives for collective bargaining with the respondent, and that therefore the question of the enforcement of the order of the Board was no longer in issue since the Association had been superseded by the three new negotiators. The respondent prayed leave to take testimony in support of the allegations of its petition and this court granted such leave. It then appeared that a contract had been entered into between the three negotiators, acting on behalf of and for the licensed engineers, and the respondent, dealing with and disposing of questions of hours of labor, working conditions, and wages. In respect to the selection of the committee of three negotiators the Board, however, specifically found that: "* * * the designation of the committee, consisting of George Biddle, Paul Gibbons and Edgar Russel, was not the result of a free choice on the part of the licensed engineers, and hence that it has not superseded the Association as the representative of the licensed engineers, employed in that capacity by respondent, for purposes of collective bargaining." Going on, the Board stated: "In coming to this conclusion, we do not pass judgment on the validity of the contract entered into between respondent and the committee. We merely hold that Marine Engineers' Beneficial Association No. 13, despite the intervening events since the date of our last decision, still is the representative of the licensed engineers employed in that capacity by respondent, for purposes of collective bargaining. Assuming the contract is valid, it does not preclude further bargaining between respondent and the Association with reference to extension, modification or termination of the agreement upon its expiration date, April 1, 1937."

If the findings of the Board in this respect be true, the respondent was guilty of unfair labor practice within the meaning of secton 7 and section 8(1) of the act (29 U.S.C.A. §§ 157, 158(1).

Are the two findings of the Board, first, that the Association was the duly authorized representative of the twelve engineers for the purposes of collective bargaining with the respondent, and, second, that the designation of the committee of three was not the result of a free choice on the part of the licensed engineers and that therefore the committee of three did not supersede the Association for purposes of collective bargaining, supported by sufficient evidence? Are they improper or arbitrary? If they are supported by sufficient evidence and are not improper or arbitrary, they must be upheld by this court. Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229; State of Florida v.

522

United States, 292 U.S. 1, 54 S.Ct. 603, 78 L.Ed. 1077; Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; Federal Trade Commission v. Artloom Corp. (C.C.A.) 69 F.(2d) 36; Federal Trade Commission v. Hires Turner Glass Company (C.C.A.) 81 F.(2d) 362.

In my opinion the two findings of the Board referred to are founded upon sufficient evidence and are not improper or arbitrary and should therefore be upheld by this court.

The respondent, however, sets up the defense that the new contract negotiated between itself and its engineers, through the committee of three, is in all respects satisfactory to the parties and that therefore any further negotiations in respect to that contract would be a nullity. It contends in effect that the case has been settled out of court, that the difficulties in respect to wages and hours of employment between the engineers and the respondent have been amicably disposed of and in accordance with the broad policies necessary to promote industrial peace laid down by the National Labor Relations Act (29 U.S.C.A. § 151 et seq.). Any case may, of course, be settled out of court, and such a policy is one which the common law itself upholds and sustains. The parties to such a settlement, however, must be such as are authorized by law to make it. The National Labor Relations Act provides that a party to a contract, purporting to contract for employees, must be in fact the free choice of the employees for such purpose. The Board has ruled, and upon sufficient evidence, that one party to the contract, to wit, the committee of three, which executed it on behalf of the engineers, was suffering from a disability in that it was not the free choice of the engineers for purposes of collective bargaining.

In my opinion a judicial determination that the defense of the new contract, as set up by the respondent, is adequate, would render void that major provision of the act, section 8(5), 29 U.S.C.A. § 158(5), requiring an employer to negotiate with the representatives of his employees. If the defense be a valid one, an employer in every case may race toward the goal of an executed contract with his employees, and if he reaches that goal before a court may enforce the order of the Board, then he is absolved from the provisions of the act requiring collective bargaining. It would follow from this premise that no matter by what means the employer achieves the goal of the executed contract, when such is in fact achieved, the employer would pass beyond the jurisdiction of the act. Such a judicial determination would emasculate the act and put a premium upon the very practices which its avowed policy prohibits.

In view of the foregoing it is my opinion that this court should uphold the order of the Board of December 30, 1935, and reaffirmed by it November 20, 1936, and require the respondent to cease and desist from refusing to bargain collectively with the Association on behalf of the licensed engineers employed by the respondent in respect to the matters in controversy. To require this is to require no more than that the Association, found by the Board to be the authorized representative of. the engineers, should pass upon the contract already made. No further action in respect to the contract may be required. It may be ratified and approved; **on the other hand, it may be modified.**