## NATIONAL LABOR RELATIONS BOARD v. REMINGTON RAND, Inc.

### No. 153.

Circuit Court of Appeals, Second Circuit.
June 1, 1938.

196

Robert B. Watts, of Washington, D. C., for National Labor Relations Board.

George H. Cohen, of Hartford, Conn., for Remington Rand, Inc.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

■ This case now comes up upon two motions: one by the Labor Board, the other by Remington Rand, Inc. That company with unexampled persistence once more seeks to use as a means of fending off enforcement of the Labor Board's order, the settlement between itself and the American Federation of Labor, concluded on March 18th, 1937, under the auspices of the Secretary of Labor. We need not consider. whether the settlement of differences between a union, duly accredited by the Labor Board, and an employer may never supersede an order of the Board. The Third Circuit in National Labor Relations Board v. Delaware & New Jersey Ferry, 90 F.2d 520, by a divided court held that it did; and it is perhaps possible to consider the Labor Board as having no interest in the controversy, independent of the wishes of the union which it recognizes as the proper representative of the men. Be

that as it may, we do not see how it can be seriously argued that the settlement of March 18, 1937, was intended to supplant any part of the duties imposed by the Board's order of March 17, 1937. On April 15, 1937, the company's attorney wrote to the president of the Association of Machinists that the settlement should not "in any way waive the rights of any of the parties under the National Labor Relations Board's decision * * * it being recognized that the National Labor Relations Board is not a party to this agreement and that any of the parties has a right as a matter of law to take such further action in that matter as may be advisable." That left the Remington Rand Joint Protective Board free to stir up the Labor Board to enforce its order, and the Labor Board to respond, quite as though the settlement had not been made; the two did not indeed conflict, for enforcement of one neither cancelled the other, nor made impossible its performance. So far as they overlapped, the settlement was no more than an expression of the company's willingness to comply with its duties independently imposed by law; so far as the order prescribed more, it was unaffected; so far as the settlement must be read as comprehending all the relations of the parties it is a nullity. The motion to be relieved from the order of March 10, 1938, is denied.

■ The Labor Board moves to punish the company for failure to comply with that order. More than ten weeks have already passed since it was entered and those substitutions of employees which it directed had not yet been made when the motion came on to be heard. It is true that until May 23d, the company did not know that the Supreme Court would not grant certiorari, but its present position goes further; apparently it believes that the substitutions were not peremptorily required, in the sense that they must be carried out regardless of their effect upon the company's business. That is a mistake; the order required the substitutions unconditionally, regardless as much of their effect upon the company's business as of the hardship entailed upon those who must be displaced. The old hands are to be offered their former jobs as soon as they can be identified, and so far as the jobs remain: that is to say, so far as anyone else is performing the same, or substantially the same, services as they were performing, or any other services which they can per-

form. If this involves disturbance of the company's business, it is no doubt unfortunate; but, having chosen to challenge the law, it must abide the loss. However, although we are not convinced that it is as yet disposed to conform, we will not impose any penalty for the moment. We recognize that the statute was still new, and that there were grounds for anticipating that the Supreme Court might wish to review our order. We will therefore deny the motion, but without prejudice to a renewal should the order not have been complied with within a reasonable time, which we fix at Friday, July 15th, 1938.

Motion for relief from the order of this court of March 10th, 1938, denied.

Motion to punish the respondent for contempt denied without prejudice.