Vance v. SSA                          CV-96-330-SD 06/18/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Edwin Vance

        v.                              Civil No. 96-330-SD

Shirley Chater, Commissioner,
  Social Security Administration


**O R D E R**


Pursuant to 42 U.S.C. § 405(g), plaintiff Edwin Vance seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits.  Presently before the court is plaintiff's motion to reverse the Commissioner's decision on the ground that the Commissioner's findings are not supported by substantial evidence.  Defendant has moved to affirm.  For the reasons stated below, the court affirms.


Administrative Proceedings

On March 1, 1994, plaintiff filed an application for a period of disability and supplemental security income benefits alleging an inability to work as of August 15, 1986, due to

recurring back pain. Administrative Transcript (Tr.) 21. The application was denied on April 11, 1994, Tr. 84, and upon reconsideration was again denied on June 15, 1994, Tr. 88-89. After Vance filed a timely request, a hearing was held on November 30, 1994, before an Administrative Law Judge (ALJ). The ALJ heard testimony from Vance, who was represented by counsel, and from a vocational expert (VE). On February 7, 1995, the ALJ ruled that although the plaintiff's impairments precluded him from performing his previous job as a foundry worker, he was not disabled.

The ALJ found that (1) Vance had not engaged in substantial gainful activity since August 15, 1986; (2) Vance had "an impairment of recurrent strain-sprain of the lumbosacral spine," Tr. 25; (3) Vance's impairment alone or in combination with others was not medically equivalent to one listed in 20 C.F.R. 404, Subpart P, App. 1; (4) Vance's impairment prevented him from performing his past relevant work as a foundry worker; (5) Vance has a residual functional capacity (RFC) to perform light work, except that involving prolonged standing, walking, and sitting; working without having the opportunity to sit or stand at will; bending; stooping; performing repetitive reaching above the

shoulder; pushing and pulling; and working around machines and being exposed to marked changes in temperature and humidity; and (6) despite Vance's physical restrictions, a significant number of jobs he could perform exist in the national economy, such as cashier, packer, assembler and food preparer.

The Appeals Council denied plaintiff's request for review on February 7, 1996, thereby rendering the ALJ's decision the final decision of the Commissioner and subject to judicial review.

## Factual Background

Pursuant to Local Rule 9.1(d), the parties submitted a Joint Statement of Material Facts, attached hereto as Appendix A. In summary, Edwin Vance was born on August 11, 1947, Tr. 70, has an eighth grade education, Tr. 39, 98, and worked as a foundry worker at Joy Manufacturing until being laid off, Tr. 43, 61, 171. Vance reportedly injured his lower back in 1984 and worked on and off until 1986. Tr. 171. In April 1988, after a series of evaluations by different doctors, Vance visited Steven Pena, D.C., a chiropractic physician, to whom he complained of lower back pain, numbness in the arms, legs and hands, nervousness, generalized weakness, tremors, and a painful tailbone. Tr. 156.

3

Dr. Pena opined that Vance was suffering from a disc pathology. Tr. 159.

On November 14, 1989, Vance was evaluated for his work capacity at the Industrial Rehabilitation Center at Dartmouth-Hitchcock Medical Center. Tr. 161-77. An industrial rehabilitation specialist concluded that Vance could perform light work, so long as it did not involve lifting from below the knuckle level or prolonged sitting or standing. Tr. 176. Mordecai Berkowitz, M.D., an orthopedic surgeon, reviewed and commented on Vance's medical record in November 1991. Tr. 140-45. Dr. Berkowitz's diagnosis was "recurrent sprain, lumbosacral spine, with right sciatica," with an overall prognosis of favorable. Tr. 143, 144. Rex Carr, M.D., examined Vance in March 1994, revealing good flexion despite the presence of myofacial pain syndrome. Tr. 147-49.

At his hearing in November 1994, Vance testified that his physical capacity was impaired somewhat by his lower back pain. Tr. 40. Although his ability to walk is not substantially affected, his condition limits the amount of time he is able to drive, perform house and yard work, and engage in hobbies such as recreational hunting and fishing. Tr. 41, 42, 46-47, 58-59.

4

Vance testified that to relieve his pain he often takes Tylenol or Advil or lies down.  Tr. 43, 50.

Discussion

1.  Standard of Review

A federal district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

A denial of social security disability benefits should be upheld unless "'the [Commissioner] has committed a legal or factual error in evaluating a particular claim.'"  Manso-Pizarro v. Secretary, 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

The factual findings of the Commissioner "shall be conclusive if supported by 'substantial evidence.'"  Irlanda Ortiz v. Secretary, 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C. § 405(g)).  "[S]ubstantial evidence" requires "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consoli-

dated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Rodriguez v. Secretary, 647 F.2d 218, 222 (1st Cir. 1981). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966) (citing NLRB v. Nevada Consol. Copper Corp., 316 U.S. 105, 106 (1942)).

The decision of the Commissioner must be affirmed, "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez Pagan v. Secretary, 819 F.2d 1, 3 (1st Cir. 1987).

The Commissioner should determine issues of credibility and draw inferences from the record evidence. Irlanda Ortiz, supra, 955 F.2d at 769. Any conflicts in the evidence should be resolved by the Commissioner, not the courts. Id. The court "'must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'" Id. at 769 (quoting Rodriguez, supra, 647 F.2d at 222).

## 2. Use of a Hypothetical Question

A claim for disability benefits is governed by a five-step evaluation process. 20 C.F.R. §§ 404.1520(b-f), 416.920(b-f). During the first four steps, the burden is upon the claimant to prove that he has an impairment so severe as to prevent him from returning to his former employment. Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982). The claimant must use objective medical evidence to prove his disability. 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). Once the claimant has demonstrated his inability to return to his job, the burden shifts to the Commissioner to prove that other jobs exist in the national economy which the claimant can perform. 20 C.F.R. § 404.1520(f); Ortiz v. Secretary of Health & Human Services, 890 F.2d 520, 524 (1st Cir. 1989); Sherwin v. Secretary of Health & Human Services, 685 F.2d 1, 2 (1st Cir. 1982), cert. denied 461 U.S. 958 (1983).

Plaintiff challenges the ALJ's determination at step five-- that plaintiff had the residual functional capacity (RFC) to perform work existing in the national economy and was therefore

not disabled as defined by 20 C.F.R. § 404.1505(a).[1]

To meet its burden, the Commissioner may rely on the grid at 20 C.F.R. § 404, Subpart P, Appendix 2, unless the plaintiff has a nonexertional impairment that significantly reduces the range of jobs he might otherwise be able to perform. Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 41 (1st Cir. 1984). In such a case, the ALJ must rely on other evidence to prove that alternative gainful employment exists. Gagnon v. Secretary of Health & Human Services, 666 F.2d 662, 665 (1st Cir. 1981). One such means is the method of supplying a hypothetical question to a vocational expert. 20 C.F.R. § 404.1566(e); Heggarty v. Sullivan, 947 F.2d 990, 996 (1st Cir. 1991).

When posing the hypothetical, the ALJ presents all of the claimant's significant functional limitations to the vocational expert, including mental and physical impairments, as well as the claimant's age, educational level, and transferrable work skills, and asks whether a similar person would be able to find gainful employment. In order for a vocational expert's answer to be relevant, the hypothetical must set out all of the claimant's

_____

[1]The ALJ held that the plaintiff was unable to return to his former employment as a foundry worker, primarily because such work required heavy exertion which the claimant could not accomplish. Tr. 23.

impairments that are supported by the medical evidence. <u>Arocho v. Secretary of Health and Human Services</u>, 670 F.2d 374, 375 (1st Cir. 1982). The hypothetical must also clearly convey the parameters of the claimant's limitations. <u>Keating v. Secretary</u>, 848 F.2d 271, 274 (1st Cir. 1988).

The ALJ posed the following hypothetical to the vocational expert:

> Assume that we're discussing an individual with the same age, education, and past work of the claimant, and assume that the individual has the ability to lift and carry, push and pull 20 pounds occasionally, ten pounds frequently, but is restricted by the following. An inability to do repetitive, above shoulder reaching. Repetitive pushing and pulling with hands or feet. No bending or stooping. An inability to do prolonged standing, walking, or sitting, but has the option to sit, stand, walk at will. The individual would have to avoid a work environment with marked changes in temperature and humidity.

Tr. 62. In response, the vocational expert testified that there were over 600,000 jobs available in the national economy that a person with such limitations could perform, including those of cashier, food preparation worker, assembler and packer. Tr. 63. Vance argues that the hypothetical was defective because it did not include (1) that the claimant was restricted to only occasional horizontal reaching and (2) that he was totally

9

restricted from lifting below the knuckle level.

The hypothetical sets forth Vance's impairments as found by the ALJ in his decision. See Tr. 25. These impairments are supported by substantial evidence in the record. Although the limitation on horizontal reaching was not included in the hypo-thetical, the ALJ was free to disregard it. The plaintiff relies on a work assessment conducted and written up by an industrial rehabilitation specialist at Dartmouth-Hitchcock Medical Center in November of 1989. Tr. 23; 161-77. The specialist witnessed Vance performing overhead reaching and recorded that Vance stated he could "feel it" in his back. Tr. 167. No other reaching activity was performed. The specialist concluded that Vance was restricted to occasional above-the-shoulder reaching and occa-sional horizontal reaching.[2] Tr. 175. However, the conclusion on horizontal reaching was not supported by objective (or subjec-tive) evidence. Id. See 20 C.F.R. § 404.1527(d)(3). The opinion on horizontal reaching is also contradicted by a residual functional capacity assessment completed by a Disability Deter-

---

[2]The industrial rehabilitation specialist appears not to have placed great importance on his conclusions concerning Vance's reaching capabilities, given that he ultimately concluded that Vance could perform light work, with certain lifting, sitting, and standing restrictions, and did not even mention a reaching restriction. Tr. 176.

10

mination Services (DDS) physician, who found no horizontal reaching restriction. Tr. 78. Although the DDS physician did not examine Vance, he based his conclusion on a review of his medical history, including orthropedic and chiropractic evaluations indicating good back motion and normal gait. Thus, although there are some inconsistencies in the record, the ALJ's findings were supported by substantial evidence.

As for Vance's argument that the hypothetical should have included that he was totally restricted from lifting below the knuckle level, such position is belied by basic common sense. The hypothetical included that the claimant could do no bending or stooping. This restriction would preclude the claimant's performing a broad range of activities, obviously including lifting below the level of his knuckles.

Accordingly, as the hypothetical posed by the ALJ clearly sets forth all of Vance's functional limitations that were supported by substantial evidence, the court must deny plaintiff's motion to reverse the decision of the Commissioner.

## 3. Conclusion

The decision of the Commissioner is affirmed. The clerk of

11

court shall enter judgment accordingly.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 18, 1997

cc:   Raymond J. Kelly, Esq.
      David L. Broderick, Esq.