**Gladys BURGOS LOPEZ, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 84–1046.**

United States Court of Appeals, First Circuit.

Submitted June 8, 1984.

Decided Oct. 30, 1984.

Juan A. Hernandez Rivera, Bayamon, P.R., with whom Maria Santana De Cuevas, Francisco J. Hernandez Rentas, and Ramon Morales Melendez, San Juan, P.R., were on brief, for plaintiff, appellant.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., with whom Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, Office of the Gen. Counsel, Dept. of Health and Human Services, A. George Lowe, Chief, Disability Litigation Branch, and Mary Beth McNamara, Trial Atty., Office of the Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Gladys Burgos Lopez appeals from a district court judgment affirming a decision of the Secretary of Health and Human Services to deny her application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423(a) (1983).

Appellant worked as a cook's assistant for the Department of Education of Puerto Rico until September 10, 1980, when she suffered a fall. On February 19, 1981, she applied for disability insurance under Title II of the Act, alleging that she was disabled with arthritis and headaches. That application was denied. On September 17, 1981, she filed a new application, this time alleging that she was suffering from back and chest pain, headaches, dizziness and, for the first time, "nerves." When the second application was initially denied, appellant timely requested an administrative hearing, which was held on June 11, 1982. In a decision issued on June 30, 1982, the administrative law judge (ALJ) found appellant to be disabled. However, this decision was reversed by the Appeals Council, acting on its own motion. The Appeals Council found that claimant could perform sedentary work and was "not precluded from substantial gainful activity on a sustained basis." In the Appeals Council's view, which constitutes the Secretary's final determination, the ALJ's finding of disability was not substantially supported. Appellant sought review in the district

court pursuant to 42 U.S.C. § 405(g) (1983). The district court affirmed and this appeal followed.

The Appeals Council concluded that appellant was suffering from chronic epicondylitis of the right elbow, synovitis of the right hand and left shoulder, and a moderate anxiety disorder. Discrediting her allegations of severe and disabling pain, it found she was unable to perform her past work as a cook's assistant or, indeed, any work involving light through very heavy exertional requirements as described in the Secretary's regulations. The Appeals Council went on to find, however, that she had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) (1983),[1] and that the level of work she could do in light of her exertional (strength) limitations was not significantly affected by her non-exertional (*viz.*, mental and emotional) limitations. Matching appellant's age of 43 years, her limited seventh grade education, and her experience in unskilled work against the medical vocational guideline tables in 20 C.F.R. Appendix 2, § 200.00 (1983), the Appeals Council concluded that appellant was not under a disability as defined in the Social Security Act.

Appellant contends on appeal that the Council's conclusion is not supported by substantial evidence. We hold that the Council's findings as to her exertional limitations are adequately supported, but conclude that the Council lacked substantial evidence from which to find as it did, that her "nonexertional limitations [did] not significantly affect her residual functional capacity for sedentary work." On the present record, we believe the Secretary's medical vocational guidelines are by themselves an insufficient basis to determine that appellant was capable of performing substantial gainful activity, and we remand for further evidence as to whether or not appellant has the capacity to work.

## A. *Evidence as to Exertional Limitations*

In arguing that the Secretary understated her physical impairments, the appellant points to the medical report from Dr. Bisbal, a specialist in physical medicine and rehabilitation, who examined her on January 28, 1982. His diagnostic impression was that she was suffering from chronic post-traumatic cervicodorsal myositis, thoracic outlet syndrome secondary to left scalenus anticus syndrome, and chronic left shoulder bursitis. He concluded that appellant was not able to sit at all, and could only stand or walk for one hour in an eight-hour workday; that she was unable to lift or carry any weight, to crawl, climb or reach at all, and only occasionally to bend or squat; and that she was unable to use her left hand for grasping, pushing, pulling or fine manipulation.

In its opinion reversing the ALJ, the Appeals Council indicated that it had considered the opinion of Dr. Bisbal, but rejected it as not supported by the preponderance of the physical, laboratory and clinical findings.

The rule under 42 U.S.C. § 405(g) (1983) is that the findings of the Secretary (in this case of the Appeals Council) as to any fact are conclusive if supported by substantial evidence. *Falu v. Secretary of Health & Human Services*, 703 F.2d 24, 28 (1st Cir. 1983). This means " 'such relevant evidence as a reasonable mind might accept in support of a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1421, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Our examination of the administrative record as a whole indicates suffi-

---

1. 20 C.F.R. § 404.1567(a) defines the physical exertion requirements of "Sedentary work" as follows:

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

cient evidentiary support for the Appeals Council's findings as to appellant's exertional impairments.

■ The finding of the Appeals Council that appellant suffered no greater exertional impairment than chronic epicondylitis of the right elbow and synovitis of the right hand is supported by the reports of several physicians as well as by the records of various of appellant's examinations. Her hospital record up to September 19, 1980 reveals that appellant was treated for "myositis of effort of the chest wall and left shoulder." Her x-rays were negative. A medical examination on February 4, 1981 by Dr. Agapito Miranda, a rheumatologist, contains a diagnosis of status-post lumbar sprain and right shoulder sprain. The medical report of Dr. Arturo Cadilla, an orthopedist, dated May 5, 1981, includes a diagnosis of chronic medial epicondylitis of the right elbow, mild and chronic hand metacarpal phalangeal joint synovitis, and chronic synovitis of the left sterno-clavicular joint. A similar report by Dr. Rafael Morales Lopez, an internist and rheumatological specialist, dated October 6, 1981, reveals a diagnosis of chronic low back sprain. In another examination carried out by the same physician on October 20, 1981, no acute synovitis was detected.

These reports indicate a physical condition of lesser severity than described by Dr. Bisbal. It was for the Secretary to resolve the conflict; this court will not substitute its judgment for hers. *Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir.1982). As all the medical evidence regarding her physical condition was in the form of written records, the ALJ was not appreciably in any better position than the Appeals Council to determine what weight to give the different medical judgments. *Compare Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496, 71 S.Ct. 456, 468, 95 L.Ed. 456 (1951) (examiner's first-hand credibility findings deserve some weight).[2]

In concluding that appellant had the residual functional capacity to perform sedentary work, which involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying docket files, ledgers, and small tools," *see* note 1, *supra*, the Appeals Council had support in the reports of both Drs. Cadilla and Morales Lopez. They indicated that she was able to perform this type of work, the latter adding precise observations that appellant was able to lift and carry ten pounds and that she could sit for at least six and stand for four hours during an eight-hour workday.

■ We also find sufficient support for the Appeals Council's finding that appellant's pain, while real, is not so severe as to be disabling. Allegations of pain are entitled to careful consideration by the Secretary, and we recognize that the medical reports indicate frequent complaints of pain by her. *See Thompson v. Califano*, 556 F.2d 616 (1st Cir.1977). The ALJ, however, who saw appellant and found her disabled because of mental and emotional difficulties, did not find that pain was a significant factor. Dr. Morales Lopez reported that appellant's pain was relieved by Motrin. We cannot say that the Secretary was obliged to take claimant's assertions of disabling pain at face value.

B. *Evidence as to Mental and Emotional Condition*

■ We turn next to the Appeals Council's finding that appellant suffered only from a moderate anxiety neurosis rather than a more serious disorder. The ALJ and the impartial medical advisor, a psychiatrist, both of whom had a chance to observe appellant, found that she suffered from a severe mental impairment. Another psychiatrist, Dr. Galindez Antelo, diagnosed her condition as a "severe depressive neurotic reaction." Other medical reports, however, support the Council's findings of a less severe impairment. Dr. Victor San-

**2.** The two witnesses who testified at the hearing before the ALJ were appellant and an impartial medical advisor, a psychiatrist. With respect to appellant's exertional limitations, the medical advisor's summation of the evidence was not inconsistent with the Appeals Council's findings. However, unlike the Appeals Council, he found a severe psychiatric impairment. *Infra.*

feliz Rivera, an internist who treated appellant from 1976 to August 7, 1981, described her as having a "moderate depressive neurosis." The therapist at the Manati Health Center, where appellant received treatment from August 31 to November 20, 1981, said she had a "moderate anxiety neurosis." The medical report of Dr. Jorge L. Suria Colon, a psychiatrist, dated December 3, 1981, contains a diagnosis of moderate depressive disorder. In listing her ability to perform tasks under various circumstances, Dr. Suria Colon indicated that she possessed either "fair" or "good" ability, suggesting that her mental impairment was not seriously disabling.

We conclude that on this record the Appeals Council could have reasonably found that appellant's mental condition was not so severe as, by itself, to constitute a disability within the Act. For a mental condition to be disabling, there must be a "resulting persistence of marked restriction of daily activities and constriction of interests and deterioration in personal habits and seriously impaired ability to relate to other people." 20 C.F.R. Appendix 1, § 12.04 (1983). The evidence was conflicting as to whether appellant's condition met this standard; while there was evidence suggesting that it did, there was significant evidence going the other way, including the fact that appellant's alleged emotional problems first seem to have arisen when she filed her second disability claim. Appellant was cooperative with the therapist at the health center, where she was found to be logical, coherent and oriented "in all three spheres." She was communicative, although she appeared depressed. Dr. Suria Colon likewise found that appellant was cooperative and oriented in three spheres. He found her thought and judgment adequate, her expression logical and coherent. While these observations are contradicted by Dr. Galindez Antelo, a psychiatrist brought in by appellant's attorney, it is the Secretary's responsibility to choose between conflicting evidence. *See Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

The above analysis does not, however, end matters. Remaining is the question whether the Appeals Council could properly rule that appellant's profile so fitted within Table 1 of Appendix 2, Rules 201.18–201.20, as to render her presumptively capable of engaging in substantial gainful activity. While we have held that the Tables, properly used, may be substituted for expert testimony on the subject of work capacity, *see Sherwin v. Secretary of Health & Human Services*, 685 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Services*, 663 F.2d 315 (1st Cir.1981), we have cautioned against relying on them where, in addition to the exertional limitations covered by the Tables, a claimant has non-exertional limitations which, in conjunction with the others, could further restrict his employability. It is one thing to say, as the Tables do, that a 43-year-old individual with a limited education who possesses the physical ability to perform only sedentary work can nonetheless perform substantial gainful activity. It is another to say that a similarly restricted individual who, *in addition*, is suffering from depression or some associated mental and emotional ailment can perform gainful activity.

Not only is there no basis in the regulations for such an assumption, the regulations themselves indicate that the Secretary's medical vocational guidelines are not dispositive of the status of persons whose exertional limitations are further complicated by other non-exertional ailments. *See* 20 C.F.R. Appendix 2, § 200.00(e) (1983). *Gagnon v. Secretary of Health & Human Services*, 666 F.2d 662, 665–66 (1st Cir. 1981).

In recognition of this, the Appeals Council here made a specific finding that appellant's residual capacity was not "significantly" affected by her non-exertional limitations. But we do not find substantial evidence for this finding. To be sure, Dr. Suria Colon filled out a form to the effect that she had either "fair" or "good" ability to perform tasks. Against this, however,

are the findings of the ALJ, based on the opinion of an impartial psychiatric expert and considerable other evidence, as well as on the ALJ's own first-hand impression of the claimant, that she was suffering from a major psychiatric illness. While, as we have held, the Secretary was not compelled to find that claimant was mentally disabled, a reasonable person surely would give *some* weight to the ALJ's ability to see and evaluate the claimant. *Universal Camera Corp. v. NLRB,* 340 U.S. at 496, 71 S.Ct. at 468. The Appeals Council cannot blithely dismiss the ALJ's evaluation, and the considerable body of evidence of mental impairment, to the point of inferring on the basis of no affirmative evidence whatever that the sedentary jobs for which claimant is *physically* suited are likewise available for someone in her mental and emotional state. On this record, a reasonable person would at least want more evidence than presently exists that claimant's non-exertional impairments do not stand in the way of even sedentary employment. Such evidence might consist, for example, of further and more specific expert evidence concerning her ability to function in the workplace, coupled with a vocational expert's testimony as to the availability of jobs in the national economy which someone possessing claimant's peculiar mix of exertional and non-exertional limitations might fill. *See Gagnon v. Secretary,* 666 F.2d at 665–66. The Tables alone simply do not address the availability of jobs in the national economy for people limited to sedentary functions who, additionally, are in appellant's mental and emotional state. In these circumstances we must remand for the taking of additional evidence.

In so remanding, we do not direct that claimant must necessarily be found disabled. We recognize that mental conditions are hard to analyze objectively, and that in some cases they can be feigned. But we think the present record is clearly inadequate to determine that there are jobs available which claimant can perform.

*The judgment of the district court is vacated. The district court is directed to enter a judgment vacating the Secre-* *tary's determination and remanding for further agency proceedings in accordance herewith.*