Luz E. BORRERO LEBRON,
Plaintiff, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant,
Appellee.

No. 83–1807.

United States Court of Appeals,
First Circuit.

Submitted June 8, 1984.

Decided Nov. 7, 1984.

Jose A. Rivera Robles, Rio Piedras, P.R., on brief for plaintiff, appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, Dept. of Health and Human Services, and Nellie A. Hutt, Dept. of Health and Human Services, Baltimore, Md., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

It is clear that there is more than ample evidence to support the Appeals Council's finding that while claimant is physically unable to perform her past relevant work as a laboratory assistant, she is physically able to perform light work as defined in section 404.1567. The findings of the ALJ and the opinion of the vocational expert are in substantial agreement with the later finding of the Appeals Council on this score, and there is substantial evidence to support this result. Relevant to this is the question of claimant's pain. We find adequate support for the Appeals Council's determination that her level of pain is not disabling.

The remaining, more difficult, question is whether there is substantial support for the Appeals Council's finding that "[t]he level of work the claimant can do in light of exertional limitations *is not affected by the nonexertional limitations*," (emphasis supplied), for it was on the basis of this finding that the Appeals Council was able

to apply the regulations in Appendix 2 to subpart P of 20 C.F.R. § 404 (hereinafter referred to as the grids) to claimant and thus find her not disabled.

The only nonexertional limitation in issue is claimant's "moderate anxiety neurosis." At the time claimant applied for disability benefits, she gave physical rather than psychiatric problems as the basis. The only evidence which suggests a psychiatric difficulty is the report of Dr. Hoyos Precssas, a psychiatrist, who saw her once, on May 20, 1981, six months before her disability hearing. Dr. Hoyos described her mood as "moderately anxious," and concluded she had an "Anxiety reaction-moderate." However, he found her to be "alert, verbal, and cooperative." Her "affect" was "appropriate." Her speech was "logical, coherent and relevant." While she was not oriented as to time, she was "oriented as to person and place." She had "no phobias, obsessions, ruminations, compulsions, suicidal, homicidal, hallucinatory or delusional ideation." Her memory is "conserved." She has no difficulty concentrating. She does not "exhibit blocking and [her] thoughts are goal oriented. There are no flights of ideas." Dr. Hoyos did not recommend a psychological examination as he thought none was necessary.

Dr. Hoyos also filled out a questionnaire concerning her residual functional capacity. He found her estimated degree of impairment to be "moderate" in a variety of social and work situations, *e.g.*, ability to relate to other people; understand, carry out and remember instructions, etc. In only one respect did he indicate her impairment was more serious: on her ability to "Respond to customary work pressures," he found her limitations "Moderate" to "Moderately Severe." The term "Moderate" is defined on the form as "an impairment which affects *but does not preclude* ability to function." (Emphasis supplied.) The term "Moderately Severe" is described as "an impairment which seriously affects ability to function."

Based on the above report of Dr. Hoyos, the ALJ was of the opinion that claimant could not perform the light jobs for which physically she was otherwise entirely suited. He based his opinion on testimony of the vocational expert who testified that, especially because the jobs available to her would be production jobs, her moderate to moderate/severe psychiatric limitations would render her incapable of handling them.

The Appeals Council rejected this finding. It reasoned as follows:

The claimant has a non-exertional impairment diagnosed as a moderate anxiety neurosis. On one occasion she was found to be disoriented in time, but had no thought disorder. On all other examinations which addressed this issue she was oriented. The mere presence of psychoneurotic symptoms and signs is not necessarily incompatible with the ability to perform substantial gainful work. Furthermore, the evidence does not show the claimant to be psychotic, and there is no evidence of a lack of ability to reason or understand. Also, there is no showing that she has been maladjusted in her social life or would be maladjusted occupationally. Since the claimant's non-exertional impairment does not affect her ability to perform light work, and considering that capacity within the framework of the aforementioned rule, the claimant is found "not disabled" by her impairments either singly or in combination.

We think the Secretary, acting through the Appeals Council, was entitled to overrule the ALJ and to reach this result on this evidence. Dr. Hoyos's report, based on a single interview and otherwise uncorroborated, is little more than a quick impression that claimant was anxious and might not accept the kind of pressure and supervision associated with the workplace. But as the Appeals Council pointed out, there was no evidence to indicate that she had been occupationally maladjusted. Nor is there any evidence of what in ordinary speech would be called a mental disorder or disease; Dr. Hoyos himself ruled out any psychosis. Like the Fourth Circuit in

*Smith v. Schweiker,* 719 F.2d 723 (1984), a case factually and legally indistinguishable from the case at bar,

> [w]e cannot believe the grids are formulated to reflect the availability of jobs in the national economy only for physically impaired claimants with "entirely normal" emotional and psychological makeups. If the grids are to serve their intended purpose, we think their use cannot be defeated by low-level personality and emotional disorders that undoubtedly afflict—at least from time to time—vast numbers of the populace.

*Id.* at 725.

Taking all of the evidence as a whole including the absence of any prior psychiatric illness, we think the Secretary was entitled to apply the grids to claimant and refuse a finding of disability.[1]

*Affirmed.*

---

1. This opinion should not be read to entitle the Appeals Council to disregard, without countervailing evidence, a more substantial showing of psychiatric impairment. *See Burgos Lopez v. Secretary of HHS,* 747 F.2d 37 (1st Cir. 1984).