**Basilio Perez LUGO,**
**Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HU-**
**MAN SERVICES, Defendant,**
**Appellee.**

**No. 85–1828.**

United States Court of Appeals,
First Circuit.

Submitted March 7, 1986.

Decided June 26, 1986.

Angel M. Bonnet-Rosario on brief, for appellant.

Debra L. Hollis, Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, Daniel F. Lopez Romo, U.S. Atty., Wanda Rubianes Collazo, Asst. U.S. Atty., Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, and A. George Lowe, Chief, Disability Litigation Branch.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Claimant Basilio Perez Lugo appeals from a judgment of the district court affirming a decision by the Secretary of Health and Human Services denying his application for Social Security disability benefits. Claimant contends that the Secretary's decision is not supported by substantial evidence. We agree that is not, and vacate and remand for further proceedings.

Claimant's application for benefits alleged disability because of a heart condition and because of depressive neurosis and anxiety. Based on the record—claimant having waived a hearing—the ALJ found claimant disabled. Focussing on claimant's heart condition as an exertional impairment, the ALJ concluded that even if claimant had the residual functional capacity to perform sedentary work, application of Rule 201.06 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the grid") dictated a finding of disabled. The ALJ added that claimant's mental condition, a nonexertional impairment, probably precluded him from performing even sedentary work. The ALJ awarded benefits for a period of disability commencing May 30, 1981. The Appeals Council reviewed the ALJ's decision on its own motion and modified it, cutting off claimant's period of disability as of October 31, 1982. The Appeals Council found that claimant was unable to perform his past relevant work as an assistant steel roller in a steel mill. Nonetheless, the Appeals Council determined that, as a result of triple coronary bypass surgery performed in November 1981, by August 1982 claimant had regained the residual functional capacity to perform medium work, and accordingly was not disabled by application of Rule 203.15 of the grid. The Appeals Council further found, implicitly, that claimant's nonexertional impairment did not significantly affect his ability to perform the full range of jobs requiring medium or lesser work.

We cannot find that there was substantial evidence in the record to support the Appeals Council's determination that claimant had the capacity to perform medium work as of August 1982. For the most part, the medical evidence in the record concerning claimant's heart condition established only the bare medical facts: that claimant suffered from arteriosclerotic heart disease with angina pectoris, and that this condition had improved as a result of claimant's November 1981 coronary bypass surgery. None of the physicians who examined claimant provided any medical findings concerning the impact of his heart condition on his residual functional capacity. Nor, since claimant waived hearing, was there any live testimony directed to this issue. Neither the Appeals Council nor this court is qualified to make this medical judgment about residual functional capacity based solely on bare medical findings as to claimant's heart condition.

The only medical evaluation of claimant's residual functional capacity was made by Dr. Rey, a non-examining medical consultant who reviewed reports by examining physicians and concluded, "Heavy work is precluded. Should be able to walk/stand 6 hours/day; lift 50 lbs. max., 25 lbs. occ." This latter clearly means "50 lbs. maximum, 25 lbs. occasionally." By contrast, the governing definition of "medium work" states, "Medium work involves lifting no more than 50 pounds at a time with *frequent* lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.-1567(c) (emphasis added).[1] Thus, this finding does not support a conclusion that claimant can perform medium work.

Since a treadmill exercise test administered to claimant on August 9, 1982, was "negative," the Appeals Council specifically relied on an application of Social Security Ruling 82–51, sections B. 2 and B. 3, to find claimant not disabled. These sections state as follows:

and iron bars weighing from twenty to sixty pounds.

---

1. We note that claimant's previous work, which the Appeals Council agreed he could no longer perform, involved the regular lifting of tools

"2. Ischemic heart disease with angina, treadmill exercise test "negative" at 7 METs, but "positive" at 10 METs or less. Heavy work activity would be precluded, but ability to engage in medium work activity ordinarily would be retained unless restricted by other cardiac impairments such as congestive heart failure.

\* \* \* \* \* \*

3. Postmyocardial infarction or coronary artery bypass graft, without angina, congestive heart failure, or significant arrhythmias. Heavy work activity would be precluded unless specific exercise testing establishes the ability to engage in heavy work activity. The distinction between the capacity to perform medium and light work activity requires consideration of the medical evidence describing the individual's clinical condition."

However, section B. 3 appears inapplicable because the medical evidence indicates that claimant had both a coronary artery bypass graft and angina. Nor is it clear that section B. 2 governs, since triple coronary bypass surgery may qualify as one of the "other cardiac impairments" that would restrict ability to engage in medium work activity. The record lacks adequate medical evidence addressing that question. Also, even apart from these objections it does not appear that either section could be applied to this case without at least some supporting medical findings, since section B. 2 provides only that the ability to perform medium work "ordinarily" would be retained, and section B. 3 expressly requires further consideration of medical evidence to distinguish between the capacity to perform medium and light work.

There being no dispute in this case that claimant suffers from a severe impairment which precludes him from returning to his former occupation as a steel worker, the burden was on the Secretary to demonstrate that claimant has the capacity to engage in alternative employment for which jobs exist in the national economy. *Vazquez v. Secretary of Health and Human Services,* 683 F.2d 1, 2 (1st Cir.1982); *Gagnon v. Secretary of Health and Hu-*

*man Services,* 666 F.2d 662, 666 n. 9 (1st Cir.1981). In the absence of substantial evidence to support the Secretary's finding that claimant had residual functional capacity to perform medium work, we remand to the Secretary so that he may receive and consider additional evidence regarding claimant's residual capacity in this respect. If it were concluded that claimant can only perform light work, application of Rule 202.06 of the grid would result in a finding of disabled.

■ We are also troubled by the Appeals Council's implicit finding that claimant's depressive neurosis and anxiety did not significantly affect his ability to perform the full range of jobs requiring medium work, so that the grid could be applied to determine claimant's disability despite the allegation of a nonexertional impairment. *See Burgos Lopez v. Secretary of Health and Human Services,* 747 F.2d 37, 41 (1st Cir. 1984); *Gagnon, supra,* 666 F.2d at 666 n. 8.

The only evidence regarding claimant's mental condition consisted of the findings of a single psychiatrist, Dr. Elias Jimenez Olivo, who submitted two reports. Dr. Jimenez found that claimant's depressive neurotic and anxious condition manifested itself in "diminished thought production, periods of blockings in train of thought." Dr. Jimenez noted that claimant's memory was impaired as to both past and present events, he was only partially oriented as to time, and his "intellectual capacities in general seem affected, especially capacity for concentration and retention." Dr. Jimenez also found both a marked restriction of daily activities and an impaired ability to relate to others, noting that claimant engaged in no household duties, shopping, hobbies, or recreation, never went out alone, "does not interact well [with] strangers," and exhibited an "appropriateness of response in special situations" that was "inadequate, unpredictable." The conclusion stated by Dr. Jimenez was that claimant was "totally and permanently incompetent to engage in any gainful activity."

We agree with the Appeals Council that the Secretary is not bound by Dr. Jimenez'

latter, sweeping conclusion. However, given Dr. Jimenez' findings, controverted by no other evidence of record, we find it difficult to understand the Appeals Council's statement, "There is no evidence showing a lack of ability to reason or understand.... Also there is no indication that he has been maladjusted in his social life or would be maladjusted occupationally." Accordingly, upon remand the Secretary should also reassess the impact of claimant's alleged mental condition on claimant's ability to engage in substantial gainful activity.

In *Gagnon, supra*, 666 F.2d at 665–66, we approved the procedure set out by section 200.00(e)(2) of Appendix 2 to Subpart P, 20 C.F.R. Part 404, to be followed when both exertional and nonexertional factors are present. As the regulations state,

> "(2) ... [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of *how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations."* (Emphasis added).

On remand, therefore, the Secretary first should receive and consider additional evidence on the issue whether claimant, based on his exertional impairment alone, retains the residual functional capacity to do medium work. If he does not, he is disabled by application of Rule 202.06 of the grid. If he does, he would not be disabled by application of Rule 203.15 of the grid, so the Secretary would need to consider further, with the aid of additional evidence if necessary, whether claimant's nonexertional impairment significantly affects claimant's ability to perform the full range of jobs requiring medium or lesser work. *See*

*Burgos Lopez, supra*, 747 F.2d at 41. If it does, the grid cannot be applied and the Secretary can find claimant not disabled only by using other means, such as evidence procured from vocational experts, to meet her burden of proving the availability of jobs in the national economy that claimant can perform. *Gagnon, supra*, 666 F.2d at 665 n. 6.

The judgment of the district court is vacated and the case is remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.