**Lawrence DEFOSSE, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services Department, Defendant.**

**Civ. A. No. 85–3734–WF.**

United States District Court, D. Massachusetts.

Oct. 2, 1987.

Walter J. Avis, Jr., Avis & McGrail, Worcester, Mass., for plaintiff.

Chris O'Rourke, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiff Lawrence Defosse has brought this action to obtain judicial review of a final decision by the Secretary of Health and Human Services ("the Secretary") that plaintiff is not entitled to Social Security disability benefits under 42 U.S.C. §§ 416(i) and 423. The Secretary found that plaintiff suffers from an unstable lumbosacral spine secondary to degenerative disc disease, but that this impairment was not disabling because the plaintiff could do sedentary work. Plaintiff argues that the Secretary's decision is not based upon substantial evidence and that there is new evidence that plaintiff's subjective difficulties are consistent with his condition. The defendant has filed an unopposed motion to affirm the Secretary's decision. For the reasons stated below, this court concludes that the decision of the Secretary was based upon substantial evidence and that the new evidence does not warrant remand to the Secretary of Health and Human Services. The decision of the Secretary is, therefore, AFFIRMED.

## I. THE FACTS

Plaintiff is a thirty-eight-year-old man with an eighth grade education. He has worked as a truck driver, laborer and machine operator. Plaintiff testified that he sustained a work-related injury on July 5, 1981 while lifting a heavy object. He filed for workmen's compensation and the claim was settled in July of 1983 (Tr. 11).

On March 21, 1984, plaintiff filed an application for disability insurance benefits. This application was denied initially on April 26, 1984, and again upon reconsideration on June 27, 1984 (Tr. 11). Plaintiff requested a hearing on his claim. The hearing was held before the Administrative Law Judge ("ALJ") on January 30, 1985. The ALJ found that the plaintiff was not disabled (Tr. 15). On August 2, 1985, the Appeals Council denied the plaintiff's request for review (Tr. 4–5), and thus the ALJ's decision became the final decision of the Secretary.

## II. THE LAW

### A. Substantial Evidence

It is well settled that when a district court reviews the decision of the Secretary, the court must determine whether the decision is supported by substantial evidence and conforms with the statutory requirements. See Burgos Lopez v. Secretary of Health and Human Services, 747 F.2d 37 (1st Cir.1984); Falu v. Secretary of Health and Human Services, 703 F.2d 24, 28 (1st Cir.1983).

The relevant statute defines a disabled individual as one who is unable

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months ...

42 U.S.C. §§ 416(i)(1) and 423(d)(1)(A) (1986).

Section 423(d)(2)(A) further provides that an individual

shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

Id.

The Secretary evaluates a disability claim by applying a series of tests embodied in its regulations. 20 C.F.R. § 404.-1520. Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6 (1st Cir.1982). In the first four tests, the burden of proving disability is on the claimant. First, if the claimant is employed, he is automatically considered not disabled. Second, the claimant must have a "severe im-

pairment" which significantly limits his physical or mental capacity to perform basic work related functions. 20 CFR § 404.-1521 (1982). Third, if the claimant's impairment is listed in the regulations' Appendix 1, the claimant is automatically considered disabled. Fourth, if the claimant's impairment does not prevent him from performing work which he has done in the past, the claimant is not disabled. If after evaluation of the plaintiff's proof on the first four tests the claimant is considered disabled from performing past work, the burden then shifts to the Secretary for the fifth test. This test requires the Secretary to show that the claimant's impairment does not prevent her from performing other work of the sort found in the national economy. If the Secretary fails to make this showing, then the claimant is considered disabled.

Judicial review of Social Security disability benefit determinations is limited under 42 U.S.C. § 405(g) (1986). The court must affirm the Secretary's decision if it is supported by substantial evidence. *See Reyes Robles v. Finch,* 409 F.2d 84, 86 (1st Cir. 1969). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). When there is a conflict in the record, the Secretary has the duty to weigh the evidence and resolve material conflicts in testimony. *See Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971). However, when evidence has not been properly evaluated because of an error of law, the Secretary's determination must be set aside. *See Da Rosa v. Secretary of Health and Human Services,* 803 F.2d 24, 26 (1st Cir.1986).

In this case the ALJ found that the plaintiff suffered from "unstable lumbosacral spine secondary to degenerative disc disease of the L5–S1 level" (Tr. 14). The ALJ found, however, that although the "claimant was unable to perform his former jobs as a truck driver or laborer" (Tr. 14), "[n]either the objective medical evidence nor the testimony at the hearing as to claimant's subjective symptoms of pain ... precluded him from being able to engage in sedentary work activity for a continuous period of not less than 12 months." (Tr. 14).[1] Thus, the ALJ concluded that the claimant was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1569 and § 416.969.

In determining that plaintiff's "functional capacity was sufficient to enable him to perform, at least sedentary work" (Tr. 12), the ALJ weighed the opinion of Dr. Bianchi, the plaintiff's treating physician, with the opinion of Dr. Doyle, a non-treating medical advisor, and with the plaintiff's own testimony. Dr. Bianchi testified that the plaintiff was "totally and permanently disabled from all and any gainful occupation" (Tr. 112). Nevertheless, Dr. Doyle's evaluation indicated that plaintiff could perform sedentary work (Tr. 57–58, 65). It is well established that the ALJ is entitled to evaluate the medical and other evidence of record and make an independent judgment regarding plaintiff's physical limitations and capabilities. *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128 (1st Cir.1981). Furthermore, it is well settled in the First Circuit that the opinion of a treating physician regarding disability is not binding on the Secretary and is not entitled to any special weight. *Tremblay v. Secretary of Health and Human Services,* 676 F.2d 11, 13 (1st Cir. 1982); *Sitar v. Schweiker,* 671 F.2d 19, 22 (1st Cir.1982). Thus, the ALJ had the discretion and the obligation to weigh the conflicting testimony in his decision. In this instance, the ALJ found Dr. Doyle's testimony more compelling.

The ALJ also considered the plaintiff's own testimony. The plaintiff testified that he has suffered a significant amount of pain from his back injury (Tr. 34–36). While plaintiff's subjective testimony is

---

1. 20 C.F.R. § 416.967(A) (1986) defines sedentary work as follows: "Sedentary work involves lifting no more than ten pounds. It includes jobs requiring sitting, and a certain amount of walking and standing, and occasionally lifting or carrying articles like docket files, ledgers and small tools."

probative, it must be evaluated with due consideration of credibility, motivation and objective medical requirements. *See Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 665 (1st Cir.1981); 42 U.S.C. § 423(d)(5). The severity of the pain alleged by the claimant must be reasonably consistent with the objective medical evidence of pain. 42 U.S.C. § 423(d)(5). Furthermore, the actual degree of claimant's pain is for the Secretary to evaluate in light of the supporting evidence. *Gagnon*, 666 F.2d at 665; *Thompson v. Califano*, 556 F.2d 616, 618 (1st Cir.1979). "When there is a claim of pain not supported by objective findings, the adjudicator is to 'obtain detailed descriptions of daily activities ...'" *Avery v. Secretary of Health and Human Services*, 797 F.2d 19, 23 (1st Cir.1986).

Despite plaintiff's testimony, the ALJ found that the claimant's "assertions of pain, when correlated to the physical findings and clinical features, clearly demonstrate that the complaints appear to be far out of proportion to objective findings" (Tr. 14). A review of the plaintiff's daily activities did not alter the ALJ's view. (Tr. 36–42). *See Avery*, 797 F.2d at 23. The ALJ concluded that the claimant had "the residual capacity to sit, stand and walk for periods of time without precipitating pain of a degree which would be unreasonable to expect him to endure ..." (Tr. 12). In fact, the plaintiff himself testified that he could lift fifteen or twenty pounds, which is in excess of the minimum lifting requirements for sedentary work (Tr. 36). 20 C.F.R. § 416.967(A) (1986). The ALJ therefore concluded that nothing precluded the plaintiff from engaging in sedentary work.

As previously noted, the Secretary has the burden of proving that the plaintiff's impairment does not preclude him from performing other work of the sort found in the national economy. 20 C.F.R. § 404.-1520. The Secretary generally relies upon the Medical Vocational Guidelines to establish what type of jobs a claimant would be capable of performing given his education, age, work experience and exertional capacity for sedentary work. Rule 201.25, Table No. 1, Appendix 2. The Supreme Court

has given its approval of the Secretary's use of these grid regulations as a method of satisfying its burden of proof. *See Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

In the present case, the ALJ relied upon a vocational expert's testimony in deciding that the plaintiff was not disabled. The vocational expert testified that although the plaintiff was not capable of performing his past work, "a substantial number of sedentary jobs exist in the national economy which the claimant would be capable of performing" (Tr. 13, 45–48). The plaintiff could work, based upon his age, education and training, at a variety of jobs, including a hand spray painter, a tester of large meters, a machine operator, or a quality control inspector (Tr. 45–46). Therefore, the ALJ concluded that "[r]egulations 404.-1569, 414.969 and Rule 201.25, Table No. 1 of Appendix 2, subpart P of Regulation No. 4 direct that the claimant, considering his maximum sustained work capability, age, education, and experience, be found not disabled" (Tr. 15).

Because the Secretary has the obligation to weigh the evidence, especially where the facts are controverted, *Lopez v. Secretary of Health and Human Services*, 747 F.2d 37, 40 (1st Cir.1984), the Secretary's findings are conclusive if supported by substantial evidence. *Gonzalez v. Richardson*, 455 F.2d 953, 954 (1st Cir.1972). In fact, the Secretary's decision should be upheld even in those cases in which the reviewing court had it heard the same evidence *de novo*, might have found otherwise. *Id.; Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969); *DeNafo v. Finch*, 436 F.2d 737, 739–40 (3rd Cir.1971). In this case, the ALJ's decision was based on substantial evidence in the record.

### B. *New Evidence*

■ The plaintiff in this case alternatively seeks remand to the Secretary for reconsideration of new evidence that he alleges supports plaintiff's "subjective difficulties" and is "consistent with his condition and with his claim for disability benefits." Complaint ¶ 11.

Section 405(g) of 42 U.S.C. provides in pertinent part that the court

> may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

As the Court of Appeals for the First Circuit recently stated, "[t]he mere existence of evidence in addition to that submitted before the hearing examiner will not constitute sufficient cause for remand.... Rather, to qualify under the new material standard, the discovered data must be meaningful—neither pleonastic nor irrelevant to the basis for the earlier decision." *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 139–40 (1st Cir.1987). Remand should be granted "only if [the court] conclude[s] that the Secretary's decision might reasonably have been different had the new evidence been before him at the time of his decision." *Falu v. Secretary of Health and Human Services*, 703 F.2d 24, 27 (1st Cir.1983). *See also Evangelista*, at 140.

In the instant case, plaintiff's new evidence is substantially the same as the evidence submitted before the ALJ. The evidence consists of an undated medical report by Dr. Bianchi. (Tr. 137–40) The report discusses an office visit by the claimant in which the claimant complained of persistent back and leg pains. Again, Dr. Bianchi concluded that the patient was "totally and permanently disabled from any and all gainful occupation." [2]

Since this evidence is substantially the same as the evidence submitted before the ALJ, and therefore not "new," this court concludes that the Secretary's decision would not "reasonably have been different." *Falu*, 703 F.2d at 27. Remand is therefore not appropriate in this case.

**2.** This new evidence was also submitted to the Appeals Council when plaintiff sought review of the ALJ's decision. The Appeals Council concluded that "[t]he information in this report [Dr. Bianchi's report] is essentially the same as contained in prior reports which are already of record. It contains no new material information which was not in the evidence previously considered by the Administrative Law Judge." (Tr. 4)

## III. CONCLUSION

The Secretary's conclusion that the plaintiff is not disabled is supported by substantial evidence. The Secretary satisfied the government's burden of proving that the plaintiff is capable of performing certain types of work found in the national economy. The new evidence submitted by the plaintiff would not reasonably result in a different decision. Therefore, the Secretary's decision is hereby AFFIRMED.