St.Pierre v. HHS                          CV-94-232-JD  05/25/95
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Normand St. Pierre

        v.                                Civil No. 94-232-JD

Donna E. Shalala, Secretary of
Health and Human Services


                           O R D E R


        The plaintiff, Normand St. Pierre, brings this action

pursuant to § 205(g) of the Social Security Act ("Act"), 42

U.S.C.A. § 405(g), seeking review of a final decision of the

defendant, Secretary of Health and Human Services ("Secretary"),

denying his claim for a period of disability and disability

insurance benefits under the Act.  Before the court are the

plaintiff's motion to reverse the Secretary's decision (document

no. 6) and the defendant's motion to affirm the Secretary's

decision (document no. 9).

                    Procedural Background[1]

        The plaintiff filed the current application for benefits

under the Act on May 7, 1992, claiming an inability to work since

June 1, 1990.  Transcript of Administrative Record ("Tr.") at

144-47.  The application was denied initially, id. at 159-61, and

_____

        [1]The court's recitation of the procedural posture of this
case is drawn largely from the stipulation of facts filed jointly
by the parties.

following reconsideration by the Social Security Administration. Id. at 169-70. An administrative law judge ("ALJ"), before whom the plaintiff, his attorney and a vocational expert ("VE") appeared, considered the matter de novo and on April 21, 1993, ruled that the plaintiff was not entitled to the requested benefits. Id. at 296-307 (decision of Wilkin, J.) On July 20, 1993, the Appeals Council vacated the ALJ's decision and remanded the case. Id. at 320-21. A second hearing was conducted on January 18, 1994, and, on January 27, 1994, the ALJ again ruled that the plaintiff was not entitled to the requested benefits. Id. at 18-29 (decision of Wilkin, J.). The Appeals Council denied the plaintiff's request for review on April 11, 1994, rendering the ALJ's post-remand decision the final decision of the Secretary. Id. at 5-6. The plaintiff filed this action on May 4, 1994, seeking a reversal of the decision.

## Discussion

In his motion, the plaintiff raises several arguments to support his contention that the Secretary's denial of benefits was improper. The defendant responds that its decision should be affirmed as the record contains substantial evidence to support the denial of benefits.

2

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In reviewing a Social Security disability decision, the factual findings of the Secretary "shall be conclusive if supported by `substantial evidence.'" Irlanda Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C. § 405(g)).[2] The court "`must uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Secretary's] conclusion.'" Id. (quoting Rodriguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)); accord Richardson, 402 U.S. at 401. The record must be viewed as a whole to determine whether the decision is supported by substantial evidence. Frustaglia v. Secretary of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Rodriguez, 647

_____

[2]Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

3

F.2d at 222. Moreover, "[i]t is the responsibility of the Secretary to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the Secretary, not the courts." Irlanda Ortiz, 955 F.2d at 769 (citing Rodriguez, 647 F.2d at 222); see also Burgos Lopez v. Secretary of Health and Human Servs., 747 F.2d 37, 40 (1st Cir. 1984). The ALJ must also consider the plaintiff's subjective complaints of pain if he has "a clinically determinable medical impairment that can reasonably be expected to produce the pain alleged." 42 U.S.C. § 423(d)(5)(A); Avery v. Secretary of Health and Human Servs., 797 F.2d 19, 21 (1st Cir. 1986); 20 C.F.R. § 404.1529.

I.    Subjective Allegations of Pain

The ALJ applied the sequential process applicable to a claimant's disability application. 20 C.F.R. §§ 404.1520, 416.920 (1994).[3] In the context of his step four analysis the

_____

[3]The ALJ is required to consider the following five steps when determining if a claimant is disabled:
(1) whether the claimant is engaged in substantial gainful activity;
(2) whether the claimant has a severe impairment;
(3) whether the impairment meets or equals a listed impairment;
(4) whether the impairment prevents the claimant from performing past relevant work; and
(5) whether the impairment prevents the claimant from doing any other work.

4

ALJ considered the plaintiff's allegations of radiating back pain of a disabling severity. Tr. 20-27. The ALJ considered these subjective allegations under the criteria announced in Avery v. Secretary of Health and Human Servs., 797 F.2d 19, and Social Security Ruling ("SSR") 88-13 and concluded that the plaintiff's "testimony is not entirely credible and that his pain would not interfere with his ability to perform sedentary work." Id. at 20.

The plaintiff asserts that the ALJ committed reversible error by basing the credibility ruling in part on the fact that the plaintiff was capable of sitting in a car for period of time when forced to do so by extraordinary circumstances. The plaintiff argues that sitting under these circumstances is neither probative of his ability to perform work nor a proper consideration in the Avery credibility analysis. The defendant responds that credibility determinations are entitled to deference and that the evidence of the plaintiff sitting in the car, along with other facts, properly was found to undermine the credibility of the plaintiff's subjective allegations of pain.

The ALJ is required to consider the subjective complaints of pain or other symptoms by a claimant who presents a "clinically determinable medical impairment that can reasonably be expected

20 C.F.R. § 404.1520.

to produce the pain alleged." 42 U.S.C. § 423(d)(5)(A); Avery, 797 F.2d at 21; 20 C.F.R. § 404.1529. "[C]omplaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings." Dupuis v. Secretary of Health and Human Servs., 869 F.2d 622, 623 (1st Cir. 1989); see Bianchi v. Secretary of Health and Human Servs., 764 F.2d 44, 45 (1st Cir. 1985) ("The Secretary is not required to take the claimant's assertions of pain at face value.") (quoting Burgos Lopez v. Secretary of Health and Human Servs., 747 F.2d 37, 40 (1st Cir. 1984)). Once a medically determinable impairment is documented, the effects of pain must be considered at each step of the sequential evaluation process. 20 C.F.R. § 404.1529(d). A claimant's medical history and the objective medical evidence are considered reliable indicators from which the ALJ may draw reasonable conclusions regarding the intensity and persistence of the claimant's pain. Avery, 797 F.2d at 23; 20 C.F.R. § 404.1529(c)(3). However, situations exist in which the reported symptoms of pain suggest greater functional restrictions than can be demonstrated by the medical evidence alone. Id.

When a claimant complains that pain or other subjective symptoms are a significant factor limiting her ability to work, and those complaints are not fully supported by medical evidence contained in the record, the ALJ must undertake further

exploration of other information. Avery, 797 F.2d at 23. The ALJ must consider the claimants's prior work record; daily activities; location, duration, frequency and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness and side effects of any medication taken to alleviate pain or other symptoms, past or present; treatment, other than medication, received for relief of pain or other symptoms, past or present; any measures used, past or present, to relieve pain or other symptoms; and other factors concerning functional limitations and restrictions due to pain. 20 C.F.R. § 404.1529(c)(3); Avery, 797 F.2d at 23; SSR 88-13. If the complaints of pain are found to be credible under the criteria, the pain will be determined to diminish the claimant's capacity to work. 42 U.S.C. § 423(d); 20 C.F.R. § 404.1529(c)(4). Finally, the court gives deference to credibility determinations made by the ALJ, particularly where the determinations are supported by specific findings. Frustaglia, 829 F.2d at 195 (citing DaRosa v. Secretary of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1985)).

The ALJ articulated several specific findings in support of his conclusion that the plaintiff's "allegations of pain are not entirely credible when measured under the criteria of Avery and Social Security Ruling 88-13." Tr. 27. In addition to specific

7

findings concerning the plaintiff's ongoing use of medication

without relief, attendance at church, and two unsuccessful

attempts to play golf, the ALJ commented that

> [a]t the supplemental hearing held in January, 1994 the
> claimant testified that his condition has gotten worse
> and that he cannot bend over.  The claimant testified
> that he drives from Portsmouth, New Hampshire to Dover,
> New Hampshire which is a distance of 10 to 12 miles
> which takes him to [sic] 30 to 40 minutes.  Thus, the
> claimant must be sitting for those 30 to 40 minutes
> which is indicative of the ability to sit for a certain
> amount of time.

Id. at 26.

At the January 18, 1994, hearing the ALJ's and the plaintiff

engaged in the following colloquy:

> ALJ:     Have you had any change in your condition
>          since that particular time?  Have you gotten
>          better, have you gotten worse or is it about
>          the same?
>
> ANS:     It's gotten worse. . . .[F]or example, my
>          wife is in the hospital right now and with
>          cancer in her spine and doctors don't give
>          her too much longer to live and plus I'm
>          doing -- I'm trying to do for myself and I
>          can't do it. . . . I've been going back and
>          forth to the hospital.  I can't -- when I'm
>          driving the car I can't look all the way to
>          the left and to the right.  Just pain, it
>          hurts me.
>
>                 *   *   *   *
>
> ALJ:     What's the furthest would you say you've
>          driven in the last month or two?  You say you
>          have to go to the hospital.
>
> ANS:     Running back and forth to the hospital.  Of
>          course, my wife is going to Boston Medical

8

                    for treatment and I didn't go with her
                    because I just couldn't handle that trip.
                    Her girlfriend would go up with her.

    ALJ:            How far did you, how far did you -- have you
                    travelled though by, by car to --

    ANS:            Well now I go up to -- from Portsmouth to
                    Dover.  I don't know how many miles that is,
                    but it's --

    ALJ:            How long does it take you?

    ANS:            It takes me --

    ALJ:            What, is it less than 20 miles?

    ANS:            I really don't know what the mileage is.

    ALJ:            Counsel, any --

    ATTY:           It's -- the way he would be going to Dover
                    would be approximately 10 to 12 miles.

    ALJ:            Oh, all right.

    ANS:            It takes me a half hour to 40 minutes.  I, I
                    just --

Id. at 109-111.

When evaluating the subjective claims of pain it is proper and, indeed, required that the ALJ consider daily activities such as driving, walking and household chores.  E.g., Avery, 797 F.2d at 23.  This allows the Secretary to juxtapose the claimant's subjective allegations of pain with the relative intensity of his daily regimen.  See Pope v. Shalala, 998 F.2d 473, 485 (7th Cir. 1993); Avery, 797 F.2d at 23.  However, implicit in this inquiry is that the daily activities used in the credibility calculus are

9

activities which reasonably reflect the claimant's condition. See id. Conversely, activities necessarily undertaken in response to extraordinary circumstances -- particularly when performed inadequately or with extreme pain -- cannot be considered reliable barometers for the Avery analysis. The Second Circuit addressed this issue in Nelson v. Bowen, 882 F.2d 45 (1989), and held that a claimant's ability to withstand extreme discomfort while sitting on a four-hour long bus trip to attend college is an impermissible basis upon which to negate subjective allegations of pain. The Second Circuit reasoned that

> [w]hen a disabled person gamely chooses to endure pain in order to pursue important goals, it would be a shame to hold this endurance against him in determining benefits unless his conduct truly showed that he is capable of working.

Id. at 49 (emphasis supplied). The case was remanded. Id.

The ALJ's reliance on the plaintiff's automobile trips as a basis for the subjective pain assessment is in error. First, the reliance on this evidence is incompatible with the purpose of Avery and SSR 88-13 because the evidence does not assist the Secretary in understanding the relationship between the medically determinable impairment, the alleged pain, and the plaintiff's ability to work. See, e.g., Pope, 998 at 485. Specifically, the trips to Dover were undertaken in response to most extreme personal hardship and, in any event, the plaintiff's driving and

10

sitting abilities were marginal at best in that he suffered great pain and could not turn his neck to the left or the right.[4]  The court finds that the plaintiff's labored driving to visit a hospitalized and terminally ill spouse neither demonstrates a physical capacity for sitting nor is probative of the overall question of whether the plaintiff is disabled under the statute. See Bowen, 882 F.2d at 49.

Second, Bowen dictates that the plaintiff's endurance of pain to visit an ill family member should not prejudice his application for benefits.  See 882 F.2d at 49.  Indeed, the plaintiff's compassionate conduct is at least as "important" as that protected by the Bowen court, where the claimant endured pain to take long bus trips to attend college courses.  See id.

The memorandum decision does not indicate the respective weight accorded to each factual finding upon which the ALJ based the assessment of the plaintiff's subjective allegations.  Thus,

[4]The ALJ reasons that because the plaintiff can drive to Dover he can also sit for a certain period of time.  See Tr. 26 ("The claimant testified that he drives . . . a distance of 10 to 12 miles which takes him to [sic] 30 to 40 minutes . . . indicative of the ability to sit for a certain amount of time").  This conclusion is based on an inaccurate recitation of the evidence in that the memorandum decision plainly omits any reference to either the extreme circumstances requiring the road trips to Dover or the pain and functional limitations encountered by the plaintiff while driving this relatively short distance. See Tr. 109 ("I've been going back and forth to the hospital.  I can't -- when I'm driving the car I can't look all the way to the left and to the right.  Just pain, it hurts me").

11

the court cannot determine whether the ALJ still would have concluded that the plaintiff's allegations were not entirely credible absent the erroneous reliance on the driving evidence. The court reverses the Secretary's decision and remands the case.

Because the case is remanded for further consideration the court need not consider the merits of the remaining errors alleged by the plaintiff.

<u>Conclusion</u>

The plaintiff's motion to reverse the Secretary's decision (document no. 6) is granted and the defendant's motion to affirm the decision (document no. 9) is denied. This case is remanded to the Secretary for a <u>de</u> <u>novo</u> determination consistent with this opinion. The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 25, 1995

cc: J. William Mason, Esquire
    David L. Broderick, Esquire

12