**Lawrence BOROWSKI, Plaintiff,**

v.

**Margaret H. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. H 83–139.**

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 29, 1984.

David P. Allen, Hammond, Ind., for plaintiff.

R. Lawrence Steele, Jr., U.S. Atty., Andrew B. Baker, Asst. U.S. Atty., Hammond, Ind., for defendant.

## MEMORANDUM OF DECISION and ORDER

MOODY, District Judge.

Claimant-plaintiff, Lawrence Borowski, brings this action pursuant to Section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g), to obtain judicial review of the Secretary of Health and Human Services' (Secretary) final decision denying claimant's entitlement to a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Act.

## PROCEDURAL HISTORY

Claimant was granted a period of disability beginning February 27, 1974 due to a back injury and spinal fusion. The Secretary subsequently found that claimant's disability ceased as of August, 1981. Claimant requested a review, and the Administrative Law Judge (ALJ) held on July 24, 1982 that claimant's disability had not ceased and, therefore, his entitlement to benefits continued. On January 6, 1983 the Appeals Council reversed the ALJ's decision and held claimant's disability ceased as of September, 1981.

## STATEMENT OF FACTS

Pursuant to Section 205(g) of the Act, the Secretary must file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. 42 U.S.C. § 405(g). Here, the Secretary failed to abide by § 205(g) and did not file the entire record. The paucity of record does however enable us to glean the following facts.

The July 24, 1982 ALJ's decision includes the following: Claimant injured his back in auto accident and a myelogram and spinal fusion were performed. Notwithstanding the surgery, claimant suffers constant pain in his lower back and right leg. Claimant was originally found disabled in August, 1980. In 1982, the ALJ made the following specific findings.

The Administrative Law Judge has carefully reviewed the entire record in this case and, based upon the preponderance of the credible evidence, makes the following specific findings:

1. The claimant was found to be 'disabled' beginning in February, 1974 because of a spinal disorder.

2. The claimant alleged a birth date of June 10, 1951 and completion of the twelfth grade in school.

3. The claimant has a history of a spinal fusion in September, 1974 for a back injury. He wears a back brace, uses significant medications and exhibits significant limitation of motion.

4. The current medical evidence indicates that the claimant is restricted even from the performance of sedentary work on a sustained basis.

5. The claimant's subjective complaints of pain and limitations were credible and consistent with the objective evidence of record.

6. The claimant continues to be 'disabled' within the meaning of Title II of the Social Security Act, as amended.

It is the decision of the Administrative Law Judge, based upon the application filed on October 31, 1974, that the claimant's disability did not cease in August, 1981, but has continued through the date of this decision, and that the claimant continues to be entitled to a period of disability and to disability insurance benefits under Sections 216(i) and 223 respectively, of the Social Security Act, as amended. (R.16).

On January 6, 1983, the Appeals Council reversed the ALJ's decision and found claimant's disability had ceased. Although we are unsure as to what the Appeals Council actually reviewed, they made the following findings:

After careful consideration of the entire record, the Appeals Council makes the following findings:

1. The claimant met the special earnings requirements of the Act at all times pertinent to this decision.

2. The claimant has the following impairments: residuals of lumbosacral fusion; degenerative disc disease.

3. The claimant's subjective complaints are not credible to the extent that they significantly diminish his ability to perform sedentary work.

4. The claimant has the residual functional capacity to perform work-related functions except for work involving more than a sedentary level of exertion.

5. The claimant is unable to perform his past relevant work as a millwright's helper.

6. The claimant has the residual functional capacity for sedentary work as defined in Section 404.1567.

7. The claimant is 31 years old, which is defined as a 'younger' individual.

8. The claimant has a high school education.

9. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.

10. Section 404.1569 and Rules 201.27 and 201.28, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that the claimant, considering his residual functional capacity, age, education, and work experience, is not disabled.

11. The claimant's disability ceased as of September, 1981.

It is the decision of the Appeals Council that the claimant's disability ceased as of September 1981, and that his entitlement to a period of disability and disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, terminated at the close of November, 1981, the second month following the month his disability ceased. The decision of the administrative law judge is reversed. (R.20).

On May 17, 1983, the Secretary filed a Motion to Remand, pursuant to Section 205(g) of the Act, stating:

3. That the Secretary requests remand to allow the Appeals Council to have a *de novo* hearing because the tape of the plaintiff's hearing cannot be transcribed.

4. That such procedural problems constitute 'good cause' for remand; as indicated by the joint conference committee....

Defendant's Motion to Remand, ¶ 3, 4.

Further, claimant filed two motions on June 2, 1983. Claimant filed a Request for

Admission, asking the Secretary to admit whether the Appeals Council actually reviewed the tape recording of the ALJ's hearing. Second, claimant filed a Response to Motion to Remand arguing that this Court should reinstate the ALJ's award of benefits because the Appeals Council was unable to review the entire record.

## ISSUE

Whether good cause exists to remand this case to the Secretary for further proceedings.

## DISCUSSION

In reviewing a case, this Court cannot try the case *de novo*, but must examine the entire record to determine if the Secretary's decision was legally correct and supported by substantial evidence. *Libermann v. Califano*, 592 F.2d 986 (7th Cir. 1979); *Kelly v. Weinberger*, 391 F.Supp. 1337 (N.D.Ind.1974). The Secretary's decision must be upheld if supported by substantial evidence based on the record "as a whole". (emphasis added). *Allen v. Weinberger*, 552 F.2d 781 (7th Cir.1977); *Moon v. Cellebrezze*, 340 F.2d 926 (7th Cir.1965); 42 U.S.C. § 405(g). In the case *sub judice*, the Secretary has not provided the entire record for our examination. However, from the components available to us we find that there is good cause for remand.

The Secretary's Appeals Council must review the entire record before reversing the ALJ's decision. 20 C.F.R. § 404.976(b). Upon reading the Appeals Council's decision of January 6, 1983, we assumed a conscientious and thorough review had transpired. The basis of our assumption is the Appeals Council's own language:

"The Appeals Council has considered the entire record which was before the Administrative Law Judge, including the testimony at the hearing... In his testimony at the hearing, the claimant stated that he underwent back surgery in 1974.... The claimant testified that he does not take such medication.... The medical evidence of record in this case includes reports showing that the claim-ant injured his back in 1970.... A report dated August 24, 1981.... etc." Appeals Council Decision, p. 3–4.

This language evidences review of the entire record. However, we find it curious that the Secretary subsequently asked for remand to allow the Appeals Council a *de novo* hearing because "the tape of plaintiff's (claimant's) hearing cannot be transcribed." Secretary's Motion to Remand, filed May 17, 1983.

██ We admonish the Secretary to choose but one course. Either the Appeals Council reviewed the entire record, as it states in its decision or, the tape is nontranscribable, and thus, rendered their review impossible. This glaring internal contradiction appears to violate Regulation 404.976(b) which mandates review of the entire record. As a general rule, when the rights of an individual are affected, an agency must follow its own procedure, even where the internal procedures are more rigorous than otherwise would be required. *Morton v. Ruiz*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). Should an agency in its proceedings violate its rules and prejudice results, the proceedings are tainted and any action resulting from the proceedings cannot stand. *Alamo Express, Inc. v. United States*, 613 F.2d 96 (5th Cir.1980). This violation, if true, would vitiate the Appeals Council's denial of benefits.

The record is unclear as to exactly what the Appeals Council did review. Although the Secretary states the tape is non-transcribable, we are convinced that the Appeals Council reviewed more than merely the ALJ's decision. This conviction is based in the Appeals Council's written decision. The quotation set out above coupled with the mention of exhibits which were unmentioned in the ALJ's report, convince us the Appeals Council reviewed, at least, some of the record before it became intranscribable.

The Secretary's reproachful conduct is further exasperated by her failure to respond to claimant's Request for Admission. On June 2, 1983 claimant requested the

Secretary to admit that "the Appeals Council of the Social Security Administration did not review the tape of the hearing conducted in this case before an Administrative Law Judge of the SSA Bureau of Hearings Appeals." According to Federal Rules of Civil Procedure, Rule 36(a), if no response is given within forty-five days an admission results. Therefore, in the case *sub judice,* the Secretary technically admitted the above on August 17, 1983. Such an admission results in a violation of 20 C.F.R. § 404.976(b). However, as stated above, because of the facts and inferences set out in the Appeals Council's decision, we cannot believe they did not review the tape. This is not to say we believe they reviewed the whole record, but the face of the evidence proves they reviewed at least part of it.

 This Court remonstrates with the Secretary's action. Although we have ruth for the claimant and regret the burden this presents, the Secretary's irreprehensible conduct dictates remand pursuant to Section 205(g) of the Act.

> The conferees were told that sometimes procedural difficulties prevent the Secretary from providing the court with a transcript of the administrative proceedings. Such a situation is an example of what would be considered 'good cause' for remand. Where, for example, the tape recording of plaintiff's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where plaintiff's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts could review under Section 205(g) of the Act. It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum, so that persons appealing their decision are not unduly burdened by the resulting delay.

H.Rept. 96–944 Conference Report on H.R. 3236 reprinted in 126 Cong.Rec. H3539, May 13, 1980.

Although the Secretary's actions result in an extra burden on claimant, we must nonetheless remand in hopes that a full and fair hearing will come to fruition.

## ORDER

Accordingly, IT IS ORDERED that this action be REMANDED to the Secretary with instructions that she conduct a full and fair hearing.