Luther H. CARRINGTON, Plaintiff,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 81–101–VAL.

United States District Court,
M.D. Georgia,
Valdosta Division.

July 5, 1984.

M. Stan Ballew, Tifton, Ga., for plaintiff.

Joe D. Whitley, U.S. Atty., Macon, Ga.,
for defendant.

ORDER

OWENS, Chief Judge.

This case is an appeal by an applicant
who was denied social security disability
benefits.

Luther H. Carrington (applicant) applied
for social security disability benefits on
September 26, 1980. The Social Security
Administration denied his application both
initially and on reconsideration. After a
hearing was held, an administrative law
judge also denied applicant's claim. The
Appeals Council declined to review the ad-
ministrative law judge's decision. Appli-
cant appeals to this court.

Applicant argues that the case should be
remanded because the transcript of the
record is incomplete. The Secretary's deci-
sion was based on verbal testimony by
applicant and his wife at the hearing and
medical evidence which was submitted.
The Secretary filed a copy of the record in
this court as required by law. *See* 42 U.S.
C.A. § 405(g) (West 1983). Part of the
record is the verbatim transcript of the
testimony of applicant and his wife. This
testimony is recorded on twenty-six pages.
The word "inaudible" appears sixty-six
times throughout the twenty-six pages, and
the inaudible periods last up to one minute
and thirty seconds. Testimony by the ap-
plicant, his wife, his attorney, and the ad-
ministrative law judge is missing.

The function of this court in re-
viewing the Secretary's decision is to deter-
mine whether there is substantial evidence
in the record to support the Secretary's
decision. *See id.* It is imperative that this
court scrutinize the record *in its entirety*
to determine whether the Secretary's deci-
sion is reasonable. *Arnold v. Heckler*, 732
F.2d 881, 883 (11th Cir.1984). Because a
substantial part of the verbal testimony is
missing, the entire record is not before the

court. Therefore, the court can reach no decision on whether the Secretary's decision was supported by substantial evidence. The case is therefore remanded for rehearing.