**Ida BIANCHI, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 84–1704.**

United States Court of Appeals, First Circuit.

Submitted Jan. 10, 1985.

Decided June 13, 1985.

Sandra L. Smales, Pittsburgh, Pa., and Ehrlich & Smales, Cambridge, Mass., on brief, for plaintiff, appellant.

---

Lawrence E. Burstein, Asst. Regional Atty., Frederick Dashiell, Asst. U.S. Atty., and William F. Weld, U.S. Atty., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Ida Bianchi, the claimant, is appealing from the judgment of the district court upholding a final determination by the Secretary of Health and Human Services that she is not eligible to receive Supplemental Security Income (SSI) under Title XVI of the Social Security Act because she is not disabled.

Mrs. Bianchi applied for SSI benefits in June of 1980, listing as impairments a hiatus hernia, high blood pressure, depression, nerves, and past tuberculosis. Between the time of her initial application and the adjudicatory hearing, Mrs. Bianchi developed an additional ailment of a left Morton's Neuroma causing pain in her left forefoot.

The Administrative Law Judge concluded that Mrs. Bianchi did not suffer from a severe impairment as defined in 20 C.F.R. § 416.920. The Appeals Council concurred. The sole question presented for our review is whether substantial evidence supports the Secretary's finding that the claimant is not severely impaired. *Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 7 (1st Cir.1982).

■ The record supports the Secretary's conclusion that Mrs. Bianchi was not severely impaired by her physical ailments. The tuberculosis from which the claimant had suffered as a child was considered "healed." Her blood pressure had returned to normal. Mrs. Bianchi offered no evidence to suggest that her esophageal and digestive problems were in any way disabling. *See Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969) (plaintiff has burden of showing she is disabled). To the contrary, the evidence demonstrated that her disorders had responded well to medication and were under control. Although the claimant had developed a "mild" arthritis, her grip remained strong and her range of motion was unimpaired. The Secretary is not required to take the claimant's assertions of pain at face value. *Burgos Lopez v. Secretary of Health and Human Services*, 747 F.2d 37, 40 (1st Cir.1984). Two physicians who reviewed the medical records concurred in the Secretary's conclusion that Mrs. Bianchi was not physically impaired.

The left Morton's Neuroma, which appeared to be the cause of plaintiff's discomfort when standing or walking, was of recent onset at the time of the hearing and appeared to be amenable to treatment with corrective shoes or surgery. There was no evidence that the condition was related to prior trauma to Mrs. Bianchi's left foot or that the condition would persist following treatment. Since by definition a physical impairment causing disability must "ha[ve] lasted or be expected to last for a continuous period of not less than twelve months ..." 42 U.S.C. § 1382c(a)(3)(A), claimant has not met her burden of demonstrating that the Morton's Neuroma has resulted in a disability. *Fortenberry v. Harris*, 612 F.2d 947, 949 (5th Cir.1980); *see also Stillwell v. Cohen*, 411 F.2d 574, 575–576 (5th Cir.1969) (if an impairment reasonably can be remedied by treatment, it cannot serve as a basis for a finding of disability).

■ More difficult is plaintiff's claim that she is unable to work because of psychiatric disorders. The psychiatrist who examined the claimant at the behest of the Social Security Administration concluded that Mrs. Bianchi suffered from a Dysthymic disorder (depressive neurosis), and Agoraphobia with panic attacks. He concluded that her ability to respond appropriately to ordinary work pressure was "markedly impaired at present," and that her ability to relate to co-workers, respond to supervision, and handle simple tasks was potentially adequate but impaired by anxiety. The claimant's own treating physician diagnosed Mrs. Bianchi as suffering from "anxiety neurosis". These conclusions are substantiated not only by the observations

of the physicians themselves and claimant's own testimony of her inability to function outside of her home environment, but also by the candid observations of the initial Social Security intake clerk ("She was very nervous and cried alot (sic)") and of another consulting physician retained by the Secretary to evaluate Mrs. Bianchi's physical condition ("She shows manifestations of anxiety tension reaction during the course of this evaluation").

Moreover, the claimant's work history supported the conclusion that her ability to perform substantial gainful employment was significantly impaired by her psychiatric disorders. She has performed no substantial work since 1970. Twice, however, she has sought out and obtained employment. The first position as an assembly worker in a factory lasted three days. Claimant testified that she suffered from a panic attack, left the job, and was unable to return. In 1981, she secured a position as a hairdresser. She remained at that job only one day which was riddled with panic attacks. We think that the claimant presented sufficient evidence that her mental impairment interfered with her ability to perform substantial gainful employment to require the Secretary to come forward with evidence to the contrary. In light of claimant's demonstrated social and occupational maladjustment, her ability to relate to household members and function within her own household environment is not "substantial evidence" that she is able to perform gainful employment. *Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir. 1974).

The Administrative Law Judge purports to rely on the testimony of the medical advisor, Dr. Capone, for his conclusion that the claimant is not severely impaired. Dr. Capone, a board certified psychiatrist, not only had the opportunity to review the medical records accumulated for the hearing, but he also had ample opportunity to observe Mrs. Bianchi during her testimony at the hearing. Accordingly, his opinion would be entitled to considerable weight. *Rodriguez v. Secretary of Health and Hu-*

*man Services,* 647 F.2d 218, 223–224 (1st Cir.1981). On the record before us, however, we are unable to determine the content of Dr. Capone's testimony. The transcript of his testimony is virtually unintelligible. As a result, this court is precluded from complying with its "responsibility to scrutinize the record in its entirety" to determine whether substantial evidence supports the Secretary's findings. *Millet v. Schweiker,* 662 F.2d 1199, 1201 (5th Cir. 1981). *See also Mimms v. Heckler,* 750 F.2d 180, 186 (2nd Cir.1984); *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2nd Cir. 1975). As noted in the Conference Agreement discussing Pub.L. 96–265 § 307, which amended 42 U.S.C. § 405(g):

> [T]here are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed ... good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the court may review under 205 (g) of the act.

H.R.Conf.Rep.No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1407.

Under the circumstances, it is appropriate to remand the psychiatric aspects of the claim and order the Secretary to take additional evidence on the extent to which plaintiff's psychiatric impairment limits her ability to engage in substantial gainful employment. *Carrington v. Heckler,* 587 F.Supp. 61, 61–62 (M.D.Ga.1984); *Borowski v. Heckler,* 581 F.Supp. 549, 553 (N.D.Ind. 1984); *Stewart v. Harris,* 509 F.Supp. 31, 35–36 (N.D.Cal.1980).

The judgment of the district court as to the physical problems is affirmed. Insofar as the district court found substantial evidence to support the Secretary's conclusion that plaintiff was not disabled by psychiatric problems, the judgment for the district

court is vacated and the case is remanded to the district court with directions to remand to the Secretary for further proceedings. At those proceedings both parties will be free to introduce new evidence on plaintiff's psychiatric state.