USCA1 Opinion

 

 November 23, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1650 ACENET RAMOS-ALBELO, Plaintiff, Appellant, v. SECRETARY OF HEALTH & HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _______________________ _____________ Garcia, Assistant United States Attorney, and Jessie M. Klyce, ______ _________________ Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant, Acenet Ramos-Albelo, appeals __________ from the judgment of the district court upholding the decision of the Secretary of Health and Human Services that she is not eligible for Social Security disability benefits. BACKGROUND __________ Claimant filed an application for disability benefits on January 3, 1990. She alleged an onset date of March 13, 1983, listing as impairments epilepsy, a fracture and dislocation of her left elbow, a heart condition, arthritis, high blood pressure, a mass in her right breast and a stroke. Claimant's insured status expired on September 30, 1983. Claimant's application was denied initially and upon reconsideration. An administrative law judge (ALJ) held a hearing on November 5, 1990. In a decision dated December 6, 1990, he determined that claimant could perform her past work. The ALJ first evaluated the exertional impairments resulting from claimant's degenerative joint disease and from an accident that occurred in May 1983. At this time, claimant fell, fracturing and dislocating her left elbow. Although claimant's left arm had been in a cast during part of the insured status period, the ALJ found that by September 30, 1983, claimant had shown "marked improvement" in the upper part of her left arm, with movement of the wrist within normal limits. Also within normal limits were left hand pronation (the ability to turn the palm of the hand downward by medial rotation of the forearm) and supination (the ability to turn the palm of hand upward by lateral rotation of the forearm). In addition, claimant could, at this time, make a fist and pinch; the strength in her left arm was found to be acceptable after 35 sessions of physical therapy. The ALJ next determined that claimant's hypertension was amenable to treatment and that the medical evidence did not reveal any cardiovascular complications from this impairment. As for her high blood pressure, the ALJ noted that during the insured status period, claimant had not been complying with the prescribed treatment. Claimant does not question these findings. In relation to claimant's history of epilepsy, the ALJ reviewed the record and pointed out that claimant had not been followed medically for this condition during the relevant period of time; also, according to a medical note dated September 23, 1983, claimant's last seizure had occurred one year earlier, in 1982. The ALJ's final determination was that claimant's degenerative joint disease did not limit her in any way.1 The ALJ made the following findings: (1) claimant suffered from a combination of impairments (epilepsy, hypertension, vascular disease and degenerative joint disease) which, although severe, did not meet or equal the ____________________ 1. He also rejected the claim of a mental impairment on the ground that there was no evidence that claimant was ever treated for such a condition prior to the expiration of her insured status. We add that the same is true for the alleged thyroid and stroke conditions, as well as for the mass found in claimant's breast. Again, claimant does not dispute these conclusions on appeal. -3- Listing of Medical Impairments; (2) claimant's complaints of severe, disabling pain were credible only to the extent that she was limited to the performance of the exertional demands of light work; (3) claimant had the residual functional capacity to engage in such work except that she could only occasionally lift and carry objects weighing 25 pounds or more, could frequently carry and lift objects weighing 10 pounds and could not be exposed to unprotected heights and moving machinery; (4) claimant's past work as a sewing machine operator and candy store attendant did not expose her to the above restrictions; and (5) claimant was not disabled at step 4 of the sequential evaluation process. See 20 ___ C.F.R. 404.1520(e). The ALJ's decision became the final decision of the Secretary when the Appeals Council denied claimant's request for review. DISCUSSION __________ A claimant for Social Security disability benefits bears the initial burden of establishing that she cannot perform her former type of work. Goodermote v. Secretary of __________ ____________ Health and Human Services, 690 F.2d 5, 7 (1st Cir. 1982). In _________________________ reviewing the Secretary's conclusion that claimant could perform such work, our only inquiry is whether this decision is supported by substantial evidence. See Bianchi v. ___ _______ Secretary of Health and Human Services, 764 F.2d 44, 45 (1st _______________________________________ Cir. 1985) (per curiam). We also keep in mind that "[i]t is -4- the responsibility of the Secretary to determine issues of credibility and to draw inferences from the record evidence." Irlanda Ortiz v. Secretary of Health and Human Services, 955 _____________ ______________________________________ F.2d 765, 769 (1st Cir. 1991) (per curiam). On appeal, claimant essentially raises four arguments: (1) the ALJ erred in not crediting her allegations of severe pain; (2) claimant's epilepsy prevents her from performing her past work; (3) there is no evidence that claimant could meet the exertional demands of her work as a candy store assistant; and (4) claimant did not spend sufficient time at any of the past jobs the ALJ determined she could perform, thereby precluding him from considering them as "past relevant work." Before turning to the merits of these arguments, we note that claimant did not object to the magistrate judge's findings concerning her subjective complaints of pain. She also did not object to the failure of the magistrate judge to address the question whether her former jobs qualified as "past relevant work" as defined in 20 C.F.R. 404.1565(a). "[O]nly those issues fairly raised by the objections to magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." Keating v. Secretary of Health and Human _______ _________________________________ Services, 848 F.2d 271, 275 (1st Cir. 1988) (per curiam). ________ We do not think that the fact that the latter claim was not -5- addressed by the magistrate judge absolved claimant from the responsibility of objecting to its omission. Nonetheless, we agree with the Secretary's decision not to credit claimant's allegations of disabling pain. Although the fracture and dislocation of her left elbow are the kind of injuries that produce pain, the record does not support the conclusion that the pain continued to be as severe as alleged. In addition to the ALJ's findings, supra, _____ in a medical note dated June 22, 1983 to which claimant refers in her brief, the examiner specifically noted that claimant reported only "occasional pain and discomfort." Also, claimant visited the Puerto Rico Medical Center on September 23, 1983 where she listed many complaints including headaches, blurred vision, dizziness and chest pain. However, she did not complain of pain in her left elbow or any other joint at this time. Indeed, the only reference to her extremities was a note that claimant presented with edema in one of her legs. Finally, at the end of her insured status period, the only restriction noted was a 5 degree limitation in extension of her left forearm. Although "complaints of pain need not be precisely corroborated by objective findings . . . they must be consistent with medical findings." Dupuis v. Secretary of ______ ____________ Health and Human Services, 869 F.2d 622, 623 (1st Cir. 1989) __________________________ (per curiam). As the ALJ noted, there is a conspicuous -6- absence in the record of medical findings -- swelling, _______ tenderness, spasm, muscle atrophy or weakness, sensory or motor deficits, or limits in claimant's range of motion -- associated with the presence of chronic pain in the context of degenerative joint disease or arthritis. Moreover, the ALJ's credibility determination is entitled to deference where there are specific findings to support it. Frustaglia __________ v. Secretary of Health and Human Services, 829 F.2d 192, 195 ______________________________________ (1st Cir. 1987) (per curiam). Here, the residual functional capacity (RFC) assessments of two non-examining physicians who reviewed the entire record both indicated that claimant's conditions did not impose any exertional limits on her capacity to work. See Bianchi, 764 F.2d at 45 (Secretary not ___ _______ required to take claimant's complaints of pain "at face value" especially where medical reviewers opined that claimant was not physically impaired). Next, claimant contends that her epilepsy prevents her from doing either of her past jobs. She relies on the RFC assessments which determined that she must avoid hazards such as machinery because of this nonexertional impairment. She argues that operating a sewing machine falls within this prohibition. Although we think that it would have been preferable had the ALJ elicited more testimony from claimant, or even a vocational expert, concerning the specifics of her past job duties, we find that the evidence of record is -7- insufficient to raise a meaningful question regarding claimant's inability to perform her past type of work. Although it is not precisely clear what sorts of "machinery" constitute a hazard to an epileptic, we do not agree with claimant that the prohibition extends to all ___ machinery. Social Security Ruling 85-15 addresses, in part, the effects of a nonexertional impairment on an individual's occupational base. In relation to environmental restrictions, the ruling states that "[s]urroundings which an individual may need to avoid because of [such an] impairment include those involving . . . recognized hazards such as unprotected elevations and dangerous moving machinery. . . ." __________________________ SSR 85-15, reprinted in West's Social Security Reporting _____________ __________________________________ Service 343, 351 (1992) (emphasis added). Even assuming that _______ a sewing machine is such a machine, we do not think that claimant is precluded by this limitation from performing her other past work as a candy store assistant. In a vocational report, claimant described her duties at this job as selling candy, making popcorn, collecting money from customers and filling the candy display. In her brief on appeal, she merely asserts that her work involved "the use of machines, tools or equipment." She did not provide further details in the brief or at any stage in the administrative proceedings. "[I]t is the claimant, not the Secretary (or ALJ), who has the burden of proving -8- inability to perform her former type of work." Gray v. ____ Heckler, 760 F.2d 369, 372 (1st Cir. 1985) (per curiam). _______ This burden "necessarily includes an obligation to produce evidence on that issue." Id. As we pointed out in Gray, ___ ____ claimant must not only show that she cannot do her former job, she must demonstrate that she cannot "return to her former type of work." Id. ____ ___ Claimant had the opportunity to present evidence concerning the nature of her past work but failed to do so. Thus, in the absence of any description of the specific machinery claimant was required to operate at the candy store, we cannot say that the Secretary erred in determining that she could still perform this work. In any event, it is reasonable to assume that not all candy stores have popcorn making machines and that not all candy store assistants are even required to use any machinery whatsoever. Thus, it is fair to say that claimant also failed to establish that she could not engage in her former "type" of work. See id. ___ ___ The same principles apply to claimant's assertions that she could not meet the exertional demands of her job at the candy store and that it did not qualify as "relevant past work." As for the first argument, claimant relies on her statement in the vocational report that she was required to carry boxes of popcorn which weighed between 10 and 15 pounds. She then points out that the ALJ determined that she -9- could "frequently" lift and carry only 10 pounds. Because, she states, there is no evidence in the record as to how often she had to actually lift and carry objects weighing over 10 pounds, the ALJ erred in finding that she could fulfill the exertional demands of this job. The vocational report form filled out by claimant specifically asked her to indicate the weight "frequently lifted and/or carried." She declined, or neglected, to provide this information. Because she had the burden of proof on the question whether she could perform her prior work, she may not rely on gaps in the record created by herself. We again note in this context, however, that the ALJ also has a responsibility to develop this kind of information. See SSR 82-62, reprinted in West's Social ___ _____________ ______________ Security Reporting Service 809, 812 (1983) (Secretary must __________________________ make "every effort" to secure evidence regarding ability to do past work).2 As we stated, supra, claimant has waived the _____ argument concerning whether her past job qualifies as "past relevant work." Even if the argument had been preserved for appeal, however, we find that it has no merit. Essentially, ____________________ 2. We reject out of hand claimant's argument that because she "presumably" would need to use and flex her arms, she was precluded from performing the demands of her job. Simply, the only evidence of record concerning such limitations are the two RFC assessments and these did not indicate any ___ restrictions on such activities. -10- claimant points out that she had three semi-skilled jobs in the same year. She then refers to the fact that there is no evidence in the record that shows the amount of time she spent at each job. Thus, although not entirely clear, she apparently concludes that she did not work a sufficient amount of time at any of the jobs to have been able to learn ___ how to do them. See 20 C.F.R. 404.1565(a) (past relevant ___ work is work that lasted long enough for a claimant to have learned how to do it). Given the fact that she never introduced any evidence to suggest that the length of time she actually worked was insufficient to master the job requirements of a candy store assistant, this argument is specious at best. See Dudley v. Secretary of Health and ___ ______ ________________________ Human Services, 816 F.2d 792, 794 (1st Cir. 1987) (per _______________ curiam). For the foregoing reasons, the judgment of the district court is affirmed. ________ -11-