**Linda BOISVERT, Plaintiff,**

v.

**John J. CALLAHAN, Acting Commissioner of Social Security,[1] Defendant.**

**Civil Action No. 96–12351–NMG.**

United States District Court, D. Massachusetts.

March 10, 1998.

Morris Greenberg, Green, Greenberg & Nesselbush, Providence, RI, for Plaintiff.

Robin E. Feder, U.S. Attorney's Office, Providence, RI, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is an action to review a final decision of the defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), deny-

---

ing the plaintiff, Linda Boisvert ("Boisvert") Social Security disability benefits and supplemental security income ("SSI") under the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 405(g), 1383(c). Boisvert filed a civil complaint asking this Court to find that she is legally entitled to the benefits. The Commissioner moved for an order affirming his decision.

## I. *Procedural History*

Boisvert applied for SSI benefits on January 28, 1993, alleging carpal tunnel syndrome, glaucoma, cataracts, hypertension, angina pectoris, diabetes, emphysema and ulcers. Boisvert asserts that she had been unable to work since January 28, 1993. She has not engaged in any substantial gainful activity during the relevant past.

The Commissioner denied Boisvert's application initially and on reconsideration. An Administrative Law Judge ("ALJ") considered the case *de novo* and found, on June 30, 1995, that Boisvert was not disabled within the meaning of the Act. The Appeals Council denied Boisvert's request for review on March 7, 1996, thereby rendering the ALJ's determination a final decision, subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services*, 803 F.2d 24, 25 (1st Cir.1986).

On May 2, 1997, the Commissioner filed a Motion requesting that this Court enter an order confirming the Commissioner's decision. Boisvert sought review of the Commissioner's decision and requested, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), that this Court find that the ALJ committed substantial error and reverse the ALJ's decision. The alleged error of which Boisvert. complains is that the ALJ substituted his own opinion for that of her physicians, failed to give controlling weight to the opinions of the treating physicians and made other unspecified errors of law and fact.

## II. *Background*

These are the relevant facts as presented in the record. Linda Boisvert was born in 1943. She has a ninth grade education and no relevant work experience. She was 49 years old in 1993 when she was allegedly disabled by carpal tunnel syndrome, glaucoma, cataracts, hypertension, angina pectoris, diabetes, emphysema and ulcers.

Before her alleged disability, Boisvert received intermittent treatment and consultation as follows:

1. For diabetes and hypertension, Boisvert underwent an echocardiogram on November 6, 1986 which demonstrated normal chamber dimensions, wall motion and valves.

2. On August 6, 1990, she was admitted to Landmark Medical Center in Woonsocket, Rhode Island for epigastric pain. She reported no chest pain and had not taken insulin or Lopressor, a blood pressure medication, for two days. Physicians reported that she was in no acute distress. They treated her with Nitroglycerine and reduced her pain with cold water. Boisvert's insulin was resumed and her blood pressure was controlled with Lopressor. She was discharged on August 9, 1990.

3. The next day, Boisvert underwent a treadmill exercise test which was stopped because of shortness of breath. She had no chest pain. Physicians concluded that the results were abnormal because of ST changes (electrical alterations in the heart) that occurred during testing.

4. In June, 1991, Boisvert underwent blood tests that indicated elevated levels of glucose, cholesterol, creatine and glycohemoglobin.

5. In January, 1992, she went to Thundermist Health Associates in Woonsocket, Rhode Island. Dr. Reddy advised Boisvert to gradually discontinue Lopressor. In a return appointment her weight, blood pressure and glucose level had all improved.

6. In September, 1992, Marc DeNuccio, D.O. reported that Boisvert's cardiac, pulmonary and GI conditions were stable, but that her cholesterol and blood sugar levels were elevated. In February, 1993, Dr. DeNuccio reported that she had no motor neuropathy, no recurrent episodes of diabetic acidosis, no peripheral vascular disease and no evidence of reduced visual acuity. He reported her prognosis as "Good".

7. On February 3, 1993, Boisvert returned to Thundermist clinic. Her diabetes was poorly controlled, but her high blood pressure was stable.

8. On March 25, 1993, Dr. Clifford Risk evaluated Boisvert at the request of the state DDS and reported that her hypertension and diabetes were under fair control with medication. Dr. Risk concluded that she had isolated hypertension, stable peptic ulcer disease, hyperlipidemia, mild carpal tunnel syndrome, insulin dependent diabetes and chest pain suggestive of coronary artery disease.

In a summary to Boisvert's attorney dated June 9, 1994, Dr. DeNuccio noted that many of her medical conditions were correctable. He noted diabetic neuropathy which could be corrected with Zostrix cream and he stated that fatigue was partially due to lack of control and compliance with respect to her diabetic condition. Dr. DeNuccio concluded that she could work half days if she could change positions between sitting and standing and avoid tasks that resulted in significant pain.

## III. *Analysis*

### A. *Standard of Review*

Judicial review of a final decision of the Commissioner is limited by 42 U.S.C. §§ 405(g), 1383(c)(3).[2] After a final determination is made by the Commissioner, at the request of a party, this Court is authorized to review the pleadings and the transcript of the record of the proceeding and to enter a judgment affirming, modifying, or reversing the decision, with or without remanding the cause for a rehearing. *See id.* § 405(g). This Court's review is limited in scope, however, because the Commissioner's factual findings must be affirmed if they are supported by substantial evidence in the record and are in accord with the law. *See id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir. 1991).

Even in cases where the record can be perceived to support another conclusion, the Commissioner's decision must be upheld if it was supported by substantial evidence. *See Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner, not the reviewing court, must determine issues of credibility, draw inferences from the record and resolve conflicts of the evidence. *See Perales,* 402 U.S. at 400; *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987).

### B. *Disability Determination*

To establish entitlement to disability benefits, a claimant must show that she is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert,* 482 U.S. 137, 146–47, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The Act states that a person suffers from a disability when she is unable to engage in any substantial, gainful activity because of a medically determinable condition which can be expected to cause death or to continue for at least twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). The Act also requires that medical evidence be presented which supports the existence of the alleged disability. *See id.* §§ 416(i)(1), 423(d)(1), (3), (5), 1382c(a)(3)(A).

Finally, a claimant is not entitled to disability benefits merely because she suffers from a medically verifiable impairment. Such an impairment must be so severe that the claimant is not only unable to perform her past work, but also, considering her age, education and work experience, that she is unable to perform any other kind of substantial, gainful work in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also* 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f); *Bowen,* 482 U.S. at 142; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

**2.** The Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, § 107(a)(1), (4), 108 Stat. 1464, 1477– 78, transferred the functions of the Secretary of Health and Human Services in social security cases to the Commissioner of Social Security.

## C. The Findings of the Administrative Law Judge

The ALJ must employ the five tests of the sequential eligibility evaluation process. *See* 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6–7 (1st Cir.1982). The first two are threshold tests. If the claimant is employed or does not have a severe impairment, then she is considered not disabled. *See* 20 C.F.R. § 416.920(a)-(c); *Goodermote,* 690 F.2d at 6. The ALJ found that Boisvert has not engaged in substantial, gainful activity during the relevant past and that Boisvert has severe hypertension, diabetes without severe complications and is overweight.

If, in the third test, the impairment meets or equals the criteria listed in the Commissioner's regulations, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant is considered disabled. *See id.* § 416.920(a), (d). The ALJ found that Boisvert did not have an impairment or combination of impairments that meets or equals the criteria of any of the impairments listed in those regulations.

Because no "Appendix 1" impairment was found, the fourth test is considered: whether the impairment prevents the claimant from performing work of the sort she has done in the past. *See id.* § 416.920(a), (e). The ALJ found that Boisvert had no past relevant work.

After applying the fifth and final test, whether the impairment prevents the claimant from performing other work of the sort found in the economy, *see* 20 C.F.R. § 416.920(a), (f), the ALJ concluded that, because Boisvert was able to perform the full range of light work with no non-exertional limitations, she was not under a disability, as defined by the Act, and therefore was not entitled to SSI or disability insurance benefits.

■ Boisvert received medical treatment for several medical conditions, but the ALJ found that the evidence did not support a conclusion that she was unable to engage in substantial gainful activity. The record revealed no evidence of organ damage in Boisvert's heart, kidneys or eyes resulting from her high blood pressure. Medical reports indicated poor compliance with a regimen intended to help her hypertension and diabetes.

A treating physician's opinion may be entitled to controlling weight, but only if the opinion is well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527. Further, the Commissioner still retains the ultimate responsibility for making the decision of whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e).

The ALJ considered Dr. DeNuccio's opinions and found them internally inconsistent and unsupported by his treatment notes. The ALJ heard expert medical testimony from Dr. Joseph R. Gaeta who reviewed all of the medical evidence and was present during Boisvert's testimony. Dr. Gaeta stated that there was little objective medical evidence beyond Boisvert's complaints upon which Dr. DeNuccio could base his conclusions.

## D. Subjective Complaints of Pain

■ The ALJ in this case appropriately considered Boisvert's subjective complaints of pain, *see Avery v. Secretary of Health and Human Services,* 797 F.2d 19, 20–21 (1st Cir.1986), but found that the plaintiff could not reasonably suffer the degree of pain that she alleged without seeking more active treatment or taking pain medication stronger than Tylenol. An ALJ is entitled to make such a determination because he is not bound by self-serving allegations of pain advanced by a claimant. *See Bianchi v. Secretary of Health and Human Services,* 764 F.2d 44, 45 (1st Cir.1985). An ALJ may reject such statements where they are unsupported by the medical evidence. *See Frustaglia v. Secretary of Health and Human Services,* 829 F.2d 192, 194–95 (1st Cir.1987).

Substantial evidence in the record at the time of the ALJ's decision supported his finding that Boisvert's physical condition was not disabling within the meaning of the Act. First, as stated above, Boisvert repeatedly visited doctors without bringing to their at-

tention the severe symptoms she alleged. Second, Dr. DeNuccio noted that many of her medical conditions were correctable and that some of her symptoms were due to lack of compliance with her prescribed medical regimen. Third, Dr. Gaeta testified that the evidence failed to reflect any end organ involvement relative to her hypertension, cardiac pain or cardiac disease.

## IV. *Conclusion*

The only issue before this Court is whether there was substantial evidence in the record to support the ALJ's finding that Boisvert is not disabled within the meaning of the Act. *See Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128 (1st Cir. 1981). In this case, there was substantial evidence in the record to support the Commissioner's finding that Boisvert failed to establish that she is disabled, and that she is not entitled to receive disability benefits. This Court will therefore, affirm the Commissioner's decision.

### ORDER

For the foregoing reasons, this Court finds that the Commissioner's final determination was supported by substantial evidence on the record and analyzed under the appropriate legal standards. The decision of the Commissioner is, therefore, **AFFIRMED.**

So ordered.